## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DALE HARPER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. CIV-11-996-HE** |
| ) | |
| **WOODWARD COUNTY BOARD** ) | |
| **OF COUNTY COMMISSIONERS, et al.** ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se*, has sued twenty-eight defendants in a 42 U.S.C. § 1983 action[1] alleging numerous civil rights violations, including excessive force, denial of medical care, retaliation, and failure to protect, all related to his arrest, detention, and criminal prosecution in Woodward County.  Amended Complaint, pp. 1-19[2] [Doc. No. 50].  The matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).

---

[1]Plaintiff cites 28 U.S.C. § 1367, which allows the federal court to take supplemental jurisdiction over pendent state law claims; however, he has cited only two Oklahoma criminal statutes and has not identified any state law claims.  *See* Amended Complaint, p. 2.  Although a *pro se* complaint must be broadly construed, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations."  *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  The "broad reading" of *pro se* complaints "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The undersigned declines, therefore, to comb through Plaintiff's allegations in search of possible state law claims.

[2]Reference herein to pagination of pleadings and documents filed in this Court reflects the Court's electronic case filing (CMECF) page numbers.

Having reviewed the amended complaint, pursuant to 28 U.S.C. §§1915(e)(2)(B)(ii)-(iii) and 1915A(a), the undersigned finds for the reasons discussed hereafter that Defendants Work, Linder, Thorpe, Lohman, Laubhan, Brown and Vines are entitled to absolute immunity from the claims in this action and recommends that such claims be dismissed with prejudice. Further, the claims against Defendants Mitchell, Wilson, Wright, Voil, Cook, Crouch, Roberts, Harper, White, Adams and Cody should be dismissed and the relevant arrest and prosecution claims against Defendants Woodward County Board of County Commissioners and Sheriff Stanley should be dismissed, all without prejudice, based on *Younger* abstention. Finally, the undersigned finds that the allegations against Defendants Tate, "Urgent Care," Smith, and "Unknown Thief" are insufficient to state valid claims, and it is therefore recommended that the claims against these Defendants be dismissed without prejudice.[3]

## Initial Screening

Because Plaintiff is proceeding *in forma pauperis*,[4] the Court has the responsibility

---

[3]Plaintiff did not specify whether the individual county officials named as Defendants are sued in their official or personal capacities; however, to the extent Plaintiff's claims for damages are construed as claims against these Defendants in their official capacities, the claims are, in essence, asserted against the entity which the official represents. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). In this case that entity would be Woodward County. *See* Okla. Stat. tit. 19, §4 ("In all suits...against a County, the name in which a County shall...be sued shall be 'Board of County Commissioners of the County of _____.'"). Because the Woodward County Board of County Commissioners is named as a defendant, any official capacity claims would be redundant. The undersigned has therefore construed Plaintiff's claims against the individual county officials to be personal capacity claims only.

[4]*See* Order [Doc. No. 12].

to screen and dismiss any claim which either "fails to state a claim for relief" or "seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. §1915(e)(2)(B)(ii)-(iii).

"To survive [screening], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010).

## Absolute Immunity

Plaintiff has sued Judge Don Work and Judge Ray Linder for alleged wrongdoings based on their decisions and actions in Plaintiff's criminal cases.  However, judges enjoy absolute immunity for acts committed within the scope of their judicial duties.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  *Id.* at 356-57 (citation & footnote omitted).

Plaintiff alleges that Judge Work maliciously bound him over for trial on perjured testimony and set an excessive bond.  Amended Complaint, pp. 14-15, 18.  Judge Linder

allegedly found the Plaintiff incompetent and conspired to send him to a mental facility. *See id.*, p. 18. But such acts are ones ordinarily performed by a judge within his judicial capacity. *See, e.g., Crudup v. Schulte*, 12 Fed. Appx. 682, 686 (10th Cir. 2001) (affirming the district court's finding that judge was entitled to absolute judicial immunity for his act of finding probable cause and binding plaintiff over for trial); *see also Wolf v. Scobie*, 28 Fed. Appx. 545, 548 (7th Cir. 2002) (noting that questions of competency are "'intimately associated with the judicial phase of the criminal process'" (citation omitted)). Accordingly, the undersigned concludes that Defendants Work and Linder enjoy absolute judicial immunity and recommends that they be dismissed from this action with prejudice.

Similar reasoning applies to Plaintiff's claims against Woodward County District Attorney Hollis Thorpe and Assistant District Attorneys A.J. Laubhan, Danny Lohman, and Don Brown. Plaintiff alleges that these prosecutors conspired together and relied on perjured testimony in order to have Plaintiff bound over on criminal charges. Amended Complaint, pp. 11-12, 14.[5] But, "[p]rosecutors are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." *Nielander v. Board of County Com'rs of County of Republic, Kan.*, 582 F.3d 1155, 1164 (10th Cir. 2009) (citation omitted). Plaintiff's allegations of

---

[5]On page 14, Plaintiff referred to assistant district attorney "Don Work," rather than "Don Brown." Amended Complaint, p. 14. This is assumed to have been a scrivener's error. *See, e.g., id.*, p. 3 (identifying "Don Brown" as the individual allegedly conspiring to have Plaintiff bound over on criminal charges).

wrongdoing or use of perjury do not alter this legal principle. *See Esquibel v. Brian Williamson*, 421 Fed. Appx. 813, 816 (10th Cir. 2010) ("Absolute prosecutorial immunity applies to both claims that a prosecutor willfully used perjurious testimony and claims that a prosecutor willfully suppressed evidence."). Therefore, Defendants Thorpe, Lohman, Laubhan and Brown are protected by absolute prosecutorial immunity, and the undersigned recommends that Plaintiff's claims against them be dismissed with prejudice.

Likewise, Defendant Otto Vines is entitled to absolute immunity. Plaintiff alleges that Defendant Otto Vines is civilly liable for conspiring and committing perjury in his testimony against Plaintiff. Amended Complaint, p. 11. But "all witnesses enjoy absolute immunity from civil liability under § 1983 for their testimony . . . ." *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994). This principle has been extended to include immunity from allegations of conspiracies to commit perjury. *See id.* Thus, the undersigned recommends dismissal with prejudice of all claims against Defendant Vines.

### *Younger* Abstention

The majority of Plaintiff's amended complaint deals with alleged wrongdoings which occurred during his arrest and ongoing criminal prosecution[6] in Woodward County District Court. These claims involve Defendants Kevin Mitchell, T. Keith Wilson, Newell Wright,

---

[6]Review of the Woodward County docket sheets, which the undersigned has judicially noticed, confirms that Plaintiff's criminal charges related to the allegations in the amended complaint are still ongoing.

5

Cynthia Voil, Vicki Cook, Kim Crouch, Kenny Roberts, Mike Harper,[7] Sheriff Gary Stanley,

Joe Adams, Troy White, and Woodward County Board of County Commissioners. *See*

Amended Complaint, pp. 7-19.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts

should not intervene in state criminal prosecutions begun before institution of a federal suit

when the state court proceedings are ongoing, offer an adequate forum for a plaintiff's

federal claims, and implicate important state interests. *Younger*, 401 U.S. at 43. This

principle has been interpreted to discourage addressing any claim which could disrupt

proceedings, regardless of whether the claim specifically targets a state proceeding. *See*

*Joseph A. v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002) ("*Younger* governs whenever the

requested relief would interfere with the state court's ability to conduct proceedings,

regardless of whether the relief targets the conduct of a proceeding directly." (citations

omitted)); *see also Simpson v. Rowan*, 73 F.3d 134, 137 (7th Cir. 1995) (holding that

*Younger* applied to claims alleging misconduct during arrest and criminal investigation even

though resolution of those claims might not directly intervene in criminal prosecution,

---

[7]Defendants Wilson, Wright and Voil are identified as "OIDS public defenders"; Defendant Cook is identified as a private attorney; and Defendants Crouch, Roberts and Harper are identified as private citizens. *See* Amended Complaint, pp. 5-6. Ordinarily, such individuals lack "state actor" status, which would alone necessitate dismissal. *See infra* p. 9. However, Plaintiff has alleged conspiracies between these Defendants and certain government actors, which if proven would suffice to establish that these individuals acted under color of state law. *See Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005). Because it is recommended that the Court abstain from considering any of the claims relating to Plaintiff's criminal prosecution, the undersigned has not addressed whether dismissal would also be appropriate for lack of "state actor" status.

because federal judgment could nevertheless substantially disrupt the state process). To justify an exception, Plaintiff must overcome a "heavy burden" and show either "bad faith," "harassment" or "irreparable injury." *Amanatullah v. Colorado Bd. of Medical Examiners*, 187 F.3d 1160, 1165 (10th Cir. 1999).

Granting Plaintiff's request in this action for damages and other relief in connection with his arrest and criminal prosecutions would likely result in substantial disruption of the ongoing state process. Further, Plaintiff does not allege irreparable injury, and his conclusory claims of "bad faith" or "harassment" are insufficient to overcome the heavy burden required for an exception to *Younger* abstention. *See Glaser v. Wilson*, No. 11-cv-01614, 2011 WL 5320614, *4 (D. Colo. 2011) (holding that conclusory allegations of bad faith or harassment are insufficient to overcome *Younger* abstention). For these reasons, the undersigned recommends dismissal without prejudice of all the claims against Defendants Mitchell, Wilson, Wright, Voil, Cook, Crouch, Roberts, Harper, Adams, and Cody, and dismissal without prejudice of the relevant arrest and prosecution claims against Defendants Woodward County Board of County Commissioners and Stanley.[8] *See Morrow v. Winslow*, 94 F.3d 1386, 1398 (10th Cir. 1996) (remanding with instructions for the district court to dismiss without prejudice under *Younger*).

---

[8]Arguably, many of Plaintiff's claims would also be premature under *Heck v. Humphrey*, which prohibits a court from addressing a claim for damages if judgment in favor of the plaintiff would necessarily imply the invalidity of the conviction or sentence. *See Heck*, 512 U.S. 477, 487 (1994). Because dismissal without prejudice is warranted under *Younger*, the undersigned has not determined which of Plaintiff's numerous claims might also be premature under *Heck*.

### Failure to State a Valid Claim Relief

Plaintiff's claims against Defendants Tate, Urgent Care, Smith and a defendant identified only as "Unknown Thief" are subject to dismissal for failure to state a valid claim for relief.

Defendant Tate

Plaintiff's sole allegation against Defendant Joe Tate is that the "deputy jailer" verbally "threatened [him] with physical violence." Amended Complaint, p. 13. The Tenth Circuit has held that threats to commit physical violence generally do not violate the federal constitution. *See Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992); *Alvarez v. Gonzales*, 155 Fed. Appx. 393, 396 (10th Cir. 2005) ("Mere verbal threats . . . do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'"). Plaintiff does not claim that Defendant Tate's alleged threat - to "beat [his] ass" if he didn't shut up - created a sense of terror of instant and unexpected death. Amended Complaint, p. 13. Therefore, his allegation fails to state a valid claim for relief, and the undersigned recommends dismissal without prejudice of the claim against Defendant Tate.

Defendants Urgent Care and Smith

Although Plaintiff names "Urgent Care" as a defendant, he fails to allege any wrongdoing by this entity, identified as a medical care clinic in Woodward. *See* Amended Complaint, p. 5. Thus, this Defendant is entitled to be dismissed.

Plaintiff claims that an employee of "Urgent Care" - Defendant Edwina Smith -

refused to take x-rays of Plaintiff's back during a medical visit.  *See id.*, p. 9.  However, while Plaintiff asserts that Defendant Smith acted under color of state law, his allegations show instead that Defendant Smith is a private citizen, employed by a private company.  *See id.*, pp. 5-6.

To state a claim under 42 U.S.C. §1983, a plaintiff must show that he was deprived of a right "secured by the Constitution or laws of the United States" and that the deprivation was committed by an individual acting "under color of state law."  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).  To qualify as an action committed "under color of state law," the wrong "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  Moreover, "the party charged with the deprivation must be a person who may fairly be said to be a state actor . . . because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State."  *Id.*  "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  *Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 50.

Plaintiff's allegations fail to demonstrate that Defendant Smith is or could be considered a state actor or that any action on her part violated his constitutional rights.  Accordingly, the undersigned finds that the allegations against Defendant Smith fail to state

a valid claim for relief and recommends that the claim against Defendant Smith be dismissed.

Defendant "Unknown Thief"

The undersigned also recommends dismissal of the claims against a defendant identified only as "Unknown Thief." Plaintiff claims this individual stole his legal materials; however, Plaintiff admits that he was able to recreate and submit the missing legal documents. *See* Amended Complaint, p. 13. Without an allegation of "actual injury," the interference with Plaintiff's legal materials fails to state a valid claim for relief under Section 1983. *See Lewis v. Casey*, 518 U.S. 343, 351-55 (1996) (holding that on a claim involving denial of legal materials a plaintiff must plead facts indicating an "actual injury").

Because amendment could potentially cure these deficiencies, the undersigned recommends that the claims against these Defendants be dismissed without prejudice. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) (stating that a dismissal should be without prejudice when a *pro se* litigant's pleading defects are potentially curable).

## **RECOMMENDATION**

Upon screening, it is the recommendation of the undersigned Magistrate Judge that: (1) the claims against Defendants Work, Linder, Thorpe, Lohman, Laubhan, Brown, and Vines be dismissed with prejudice based on entitlement to absolute immunity; (2) the claims against Defendants Mitchell, Wilson, Wright, Voil, Cook, Crouch, Roberts, Harper, White, Adams, and Cody be dismissed and the relevant arrest and prosecution claims against Defendants Woodward County Board of County Commissioners and Stanley be dismissed,

all without prejudice, based on *Younger* abstention; and (3) the claims against Defendants Tate, "Urgent Care," Smith, and "Unknown Thief" be dismissed without prejudice based on failure to state a valid claim.

Adoption of this recommendation would leave the following claims pending: (1) all of the claims against Defendants Thompson, Brewar, Routh and John Does 1-3; (2) Plaintiff's claim that Defendant Stanley retaliated against him and placed him in an unsanitary cell and denied him showers; (3) the claim against Defendant Woodward County Board of County Commissioners for the denial of medical care and unsanitary conditions of confinement at the Woodward County Jail.[9]

Plaintiff is advised of his right to file an objection to the Report and Recommendation with the Clerk of this Court by the 16th day of July, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  Plaintiff is further advised that failure to make timely objection to the Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein.  *See Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral to the undersigned.

---

[9]The undersigned anticipates ordering service of process on those Defendants and claims remaining after the Report and Recommendation has been addressed by Judge Heaton.

ENTERED this 25th day of June, 2012.


BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE