## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

DALE E. HARPER,                    )
                                   )
                 Plaintiff,        )
vs.                                )        Case No. CIV-11-0996-HE
                                   )
WOODWARD COUNTY BOARD              )
OF COUNTY COMMISSIONERS, *et al.*  )
                                   )
                 Defendants.       )

## ORDER

Plaintiff Dale E. Harper, a state prisoner appearing *pro se* and *in forma pauperis*, filed this § 1983 action against multiple defendants, alleging his civil rights were violated in conjunction with his arrest, detention and prosecution in Woodward County, Oklahoma. Consistent with 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred for initial proceedings to Magistrate Judge Bana Roberts. Based on her review of the amended complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B((ii)-(iii) and 1915A(a), she recommends that some claims be dismissed with prejudice because the defendants are entitled to absolute immunity, and that others be dismissed without prejudice based on <u>Younger</u> abstention or because the allegations are insufficient to state valid claims. Because plaintiff has filed an objection, the court has engaged in a de novo review of his claims.

The magistrate judge concluded plaintiff's claims against defendants Judge Don Work and Judge Ray Dean Linder are barred by absolute judicial immunity because they are based on the judges' decisions and actions taken in plaintiff's criminal cases. She determined that Woodward County District Attorney Hollis Thorpe and Assistant District Attorneys A.J.

Laubhan, Danny Lohman and Don Brown are entitled to absolute prosecutorial immunity because plaintiff's claims against them are based on actions these defendants allegedly took in initiating and pursuing plaintiff's criminal prosecutions.[1]   Finally, she decided that defendant Otto Vines is entitled to absolute witness immunity because plaintiff alleged he conspired to commit, and committed, perjury during plaintiff's criminal proceedings.  The court agrees with the magistrate judge that these defendants are entitled to absolute immunity.    Citing Younger v. Harris, 401 U.S. 37 (1971), the magistrate judge has recommended that plaintiff's claims against defendants Kevin Mitchell, T. Keith Wilson, Newell Wright, Cynthia Voil, Vicki Cook, Kim Crouch, Kenny Roberts, Mike Harper,[2] Joe Adams, Troy White and Deputy Cody be dismissed without prejudice.  Because plaintiff's claims against these defendants are based on actions allegedly taken in conjunction with his arrest and ongoing criminal prosecutions,[3] the magistrate judge concluded, and the court agrees, that abstention is appropriate under Younger.[4]  However, the court concludes that

---

[1]Plaintiff alleges the district attorney and assistant district attorneys conspired and relied on  perjured testimony to have plaintiff bound over on criminal charges.

[2]Plaintiff's claims against Harper and possibly other defendants, if not subject to Younger abstention, may be premature under Heck v. Humphrey, 512 U.S. 477 (1994).  See Alvarez v. Gonzales, 155 Fed.  Appx. 393, 398 (10th Cir. 2005) (unpublished).

[3]The magistrate judge took judicial notice that the criminal cases against plaintiff that are related to the allegations in the amended complaint are still ongoing.

[4]While, in some cases, abstention might not be appropriate with respect to claims of excessive force during arrest, it is here.  Because plaintiff has been charged with assault and battery upon a police officer, allowing plaintiff to proceed with his claims of excessive force in connection with his arrest "could seriously interfere with the pending criminal proceeding[s]." Robinson v. Lother, 2004 WL 2032120, at *5 (N.D.Ill. 2004) (unpublished).

these claims should be stayed, rather than dismissed.  Deakins v. Monaghan  484 U.S. 193,

202 (1988);  Esquibel v. Williamson, 421 Fed. Appx. 813, 815-16 (10th Cir. 2010)

(unpublished).  She also determined that, under Younger, plaintiff's claims against

defendants Woodward County Board of County Commissioners and Sheriff Gary Stanley,

which relate to his arrest and prosecution, should be dismissed without prejudice.  The court

again agrees with her analysis, but concludes the claims should be stayed, rather than

dismissed.  *Id.*

Plaintiff has asserted a single claim against defendant Joe Tate.  He alleges that Tate,

a deputy jailer, verbally threatened him with physical violence, telling him if he did not "shut

up, he'd beat [his] ass."  Amended complaint, p. 13.  Citing Alvarez v. Gonzales, 155 Fed.

Appx. 393, 396 (10th Cir. 2005) (unpublished), the magistrate judge concluded these

allegations are insufficient to state a constitutional violation.  The court agrees that plaintiff's

claim against defendant Tate should be dismissed without prejudice for failure to state a

claim on which relief may be granted.  *See id*. ( "Mere verbal threats or harassment do not

rise to the level of a constitutional violation unless they create 'terror of instant and

unexpected death.'") (quoting Northington v. Jackson, 973 F.2d 1518, 1524 (10th Cir.1992)).

Although plaintiff named Urgent Care, identified as a medical care clinic in

Woodward, as a defendant, the magistrate judge noted plaintiff did not allege any

wrongdoing by it and therefore concluded the entity is entitled to be dismissed from the case.

Plaintiff did allege that an Urgent Care employee, defendants Edwina Smith, refused to order

x-rays of his back and failed to provide him "reasonably adequate medical services."

Amended Complaint, p. 9.   However, because plaintiff's allegations showed defendant Smith was not a state actor, the magistrate judge determined plaintiff's claim against her also should be dismissed.  The court agrees that the claims against both Urgent Care and Smith should be dismissed without prejudice.

The remaining claim discussed by the magistrate judge in her Report and Recommendation is alleged against an unknown thief who, plaintiff asserts, stole his legal papers.  The magistrate judge concluded that, because plaintiff was able to recreate and submit the missing legal documents,  he had not alleged an actual injury and had therefore failed to state a claim under § 1983.  She recommended that this claim, like those asserted against Tate, Urgent Care and Smith, be dismissed without prejudice because amendment could potentially cure the pleading deficiencies.  The court once again agrees with the magistrate judge's analysis and her conclusions.

Accordingly, the court adopts Magistrate Judge Roberts' very thorough  Report and Recommendation as explained above.  Plaintiff's claims against defendants Work, Linder, Thorpe, Lohman, Laubhan, Brown, and Vines are dismissed with prejudice based on entitlement to absolute immunity; his claims against defendants Mitchell, Wilson, Wright, Voil, Cook, Crouch, Roberts, Harper, White, Adams, and Cody are stayed.  The relevant arrest and prosecution claims against defendants Woodward County Board of County Commissioners and Stanley also are stayed, based on Younger abstention.  Finally, the claims against defendants Tate, Urgent Care, Smith, and the unknown thief are dismissed without prejudice based on failure to state a valid claim.

4

The following claims remain active and pending before Magistrate Judge Roberts pursuant to the prior referral: (1) all of plaintiff's claims against defendants Thompson, Brewar, Routh and John Does 1-3; (2) plaintiff's claim that defendant Stanley retaliated against him and placed him in an unsanitary cell and denied him showers; and (3) plaintiff's claims against Defendant Woodward County Board of County Commissioners for the denial of medical care and unsanitary conditions of confinement at the Woodward County Jail.  All other claims are either dismissed or stayed.

**IT IS SO ORDERED**.

Dated this 27th day of September, 2012.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE