IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DALE E. HARPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-11-996-HE |
| | ) |
| WOODWARD COUNTY BOARD | ) |
| OF COMMISSIONERS, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff filed an amended complaint under 42 U.S.C. § 1983 alleging numerous civil rights violations. Doc. 50. United States District Court Judge Joe Heaton referred the matter for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C), and it is now before the undersigned Magistrate Judge. In a prior order, the Court: (1) dismissed eleven defendants, (2) stayed the claims relating to Plaintiff's arrest and ongoing criminal prosecution under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), and (3) allowed the claims involving excessive force, retaliation, denial of medical care, and unsanitary conditions of confinement to proceed. Doc. 73. The undersigned recently granted Plaintiff's motion to add four additional defendants – Travis Munson, James Rea, Mike Morton, and Barrett Storm. Doc. 129. These individuals are accused of participating in Plaintiff's "unlawful/unreasonable"

seizure and arrest. Doc. 127. The undersigned now recommends that these new claims also be stayed under *Younger*.

## I. The necessity of abstention.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should not intervene in state criminal prosecutions begun before institution of a federal suit when the state court proceedings are ongoing, offer an adequate forum for a plaintiff's federal claims, and implicate important state interests. *Id.* at 43; *see also Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). "[T]he district court must abstain once the conditions are met, absent extraordinary circumstances." *Weitzel v. Div. of Occupational & Prof'l Licensing of Dep't of Commerce*, 240 F.3d 871, 875 (10th Cir. 2001) (quotation omitted).

The *Younger* abstention doctrine discourages federal courts from addressing any claim which could disrupt state proceedings, regardless of whether the claim specifically targets a particular proceeding. *See Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002) ("*Younger* governs whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly." (citations omitted)). To justify an exception, Plaintiff must overcome a "heavy burden" and show either "bad faith,"

"harassment," or "irreparable injury."  *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1165 (10th Cir. 1999).

A finding that Messrs. Munson, Rea, Morton, and Storm unlawfully or unreasonably arrested Plaintiff could likely result in substantial disruption of the ongoing state process.  And, the Court previously found that Plaintiff has not shown any justification for an exception to the *Younger* doctrine.  Docs. 61, 73.  Accordingly, the undersigned recommends that the claims against Defendants Munson, Rea, Morton, and Storm be stayed along with the other claims related to Plaintiff's arrest and prosecution.

## II.  Recommendation and notice of right to object.

For the reasons addressed herein and in accordance with the Court's prior order, the undersigned recommends that Plaintiff's newly added claims against Travis Munson, James Rea, Mike Morton, and Barrett Storm, involving Plaintiff's seizure and arrest, be stayed under the *Younger* abstention doctrine.

The parties are advised of the right to file an objection to the Report and Recommendation with the Clerk of this Court by the 13th day of June, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The parties are further advised that failure to make a timely objection to the Report and Recommendation waives the right to appellate review of both factual and legal

questions contained herein.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral in the present case.

ENTERED this 24th day of May, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE