# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DALE E. HARPER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-11-996-HE |
| WOODWARD COUNTY BOARD OF COUNTY COMMISSIONERS et al., | ) ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Dale E. Harper, a state prisoner appearing pro se and proceeding *in forma pauperis*, brings this action under 42 U.S.C. § 1983, alleging violations of his federal constitutional rights. United States District Judge Joe Heaton has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). This Report and Recommendation addresses a pending dispositive motion filed by Defendants Travis Munson, James Rea, Mike Morton, and Barrett Storm (Doc. No. 149).

### BACKGROUND AND STATUS OF ACTION

On February 10, 2012, Plaintiff filed an amended complaint in which he asserted some 24 claims against at least 30 defendants.[1] *See* Second Am. Compl., Doc. No. 50. Plaintiff's claims are largely, but not entirely, based on actions taken in connection with

---

[1] In this Report and Recommendation, the undersigned refers to Plaintiff's February 10, 2012, Complaint, as modified by a June 7, 2013, Order (Doc. No. 136), as his "Second Amended Complaint."

the arrest, detention, and prosecution of Plaintiff by state officials in Woodward County, Oklahoma, for violation of various Oklahoma criminal statutes.

On September 27, 2012, the Court dismissed with prejudice Plaintiff's claims against three groups of Defendants—state judges Don Work and Ray Dean Linder, state prosecutors Hollis Thorpe, Danny Lohman, A.J. Laubhan, and Don Brown, and state witness Otto Vines—due to the immunity of those Defendants from such claims. Order, Doc. No. 73, at 1-2, 4. Further, the Court dismissed without prejudice Plaintiff's claims against Defendants Joe Tate, Urgent Care, Edwina Smith, and an "unknown thief" for failure to state a claim upon which relief may be granted. *Id.* at 3-4.

In accordance with the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), the Court previously stayed many of Plaintiff's remaining claims because they relate to ongoing criminal proceedings against Plaintiff in Woodward County.[2] *See* Order, Doc. No. 73, at 2-3, 4; *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (noting that under *Younger*, federal courts avoid "interference with pending state judicial proceedings absent extraordinary circumstances"). Specifically, the Court stayed Plaintiff's claims against Defendants Kevin Mitchell, T.

---

[2] Upon review of state court records for Woodward County, Oklahoma, the undersigned judicially notices that these criminal proceedings remain ongoing as of this date. According to the publicly available docket sheet in the relevant proceeding, Plaintiff's case is set for jury trial on October 6, 2014. *See State v. Harper*, No. CF-2009-198 (Woodward Cnty. Dist. Ct. filed June 30, 2009). This docket sheet is available at http://www1.odcr.com/detail?court=077-&casekey=077-CF++0900198. The docket sheet also reflects that issues with Plaintiff's competency to stand trial may have contributed to the delay in his case proceeding to trial.

Keith Wilson, Newell Wright, Cynthia Viol, Vicki Cook, Kim Crouch, Kenny Roberts, Mike Harper, Joe Adams, Troy White, and Deputy Cody until the conclusion of the Woodward County criminal proceedings. Order, Doc. No. 73, at 2-3, 4. The Court similarly stayed Plaintiff's claims against the Woodward County Board of County Commissioners ("Board of County Commissioners" or "the Board") and Woodward County Sheriff Gary Stanley that relate to Plaintiff's arrest and prosecution. Order, Doc. No. 73, at 3, 4.

The following claims by Plaintiff (the "active claims") are not subject to the stay: (1) Plaintiff's claims against Defendants Saunnie Thompson, Devan Brewer, and Roger Routh; and (2) Plaintiff's claims against Defendants Stanley and the Board of County Commissioners to the extent the claims are not related to Plaintiff's arrest or prosecution. *See* Order, Doc. No. 73, at 5; Order, Doc. No. 185, at 1-2.

Plaintiff was subsequently granted leave to amend his current pleading to add claims against four additional defendants: Travis Munson, James Rea, Mike Morton, and Barrett Storm, who Plaintiff identified as Defendants he had previously named as "John Doe[s] 1, 2, and 3." *See* Order, Doc. No. 129; Order, Doc. No. 136, at 2; Second Am. Compl. at 4.[3] Making provision for the mistake in number, the Court ordered the substitution of Defendants Munson, Rea, Morton, and Storm for John Does 1 to 4. *See* Order, Doc. No. 136, at 2. Further, because Plaintiff's claims against these four

---

[3] Citations to documents filed with the Court use the page numbers assigned by the Court's electronic filing system.

3

Defendants also relate to Plaintiff's ongoing Woodward County criminal proceedings, such claims were likewise stayed in accordance with *Younger*. Order, Doc. No. 185, at 1-2.

In the interim, Defendants Munson, Rea, Morton, and Storm have raised a dispositive defense that may be addressed independently of the stay of Plaintiff's claims against them. As set forth below, the undersigned recommends that these Defendants' motion—titled "Special Appearance and Motion for Relief from Responding to Complaint Pursuant to Local Rule 9.2 and Younger Abstention Doctrine; Alternatively, Special Appearance and Motion to Dismiss . . . Challenging Sufficiency of Service of Process and Failure to State a Claim" (Doc. No. 149, "City Defs.' Mot.")—be denied.

Further, Defendants to the active claims have filed dispositive motions, which are addressed in a concurrently issued report and recommendation. Defendant Board of County Commissioners has moved to dismiss the claims against it (Doc. No. 115). Defendants Stanley, Thompson, Routh, and Brewer have moved to dismiss or in the alternative for summary judgment on the claims against them (Doc. Nos. 116, 152). As set forth in the separate report and recommendation, the undersigned recommends that these Defendants' motions be granted in part and denied in part.

ANALYSIS

Defendants Munson, Rea, Storm, and Morton (sometimes referred to herein as the "City Defendants") were employed by the City of Woodward as police officers and

assisted in the arrest of Plaintiff on June 29, 2009.[4] City Defs.' Mot., Doc. No. 149, at 2. As noted, there are ongoing criminal proceedings against Plaintiff in Woodward County related to that arrest. In their pending motion, these Defendants contend that the claims against them should be dismissed for three reasons: (1) the Court lacks personal jurisdiction over them due to insufficient service of process; (2) Plaintiff's claims against them are barred by the statute of limitations; and (3) they are not specifically named in Plaintiff's Second Amended Complaint and therefore Plaintiff has failed to state a claim against them. City Defs.' Mot. at 7-10.[5]

**I. WHETHER PLAINTIFF'S CLAIMS AGAINST DEFENDANTS MUNSON, REA, STORM, AND MORTON SHOULD BE DISMISSED UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(5)**

Defendants Munson, Rea, Storm, and Morton have moved to dismiss the claims against them based on insufficient service of process. City Defs.' Mot. at 7-9 (citing Fed. R. Civ. P. 12(b)(5)). Plaintiff has responded that service was sufficient, but also requests that in the event the Court finds otherwise he be allowed to re-serve these Defendants. *See* Pl.'s Resp. to City Defs.' Mot., Doc. No. 172, at 2-3.

---

[4] Certain filings identify Defendant Rea's last name as "Ray"; later filings, however, clarify the spelling of his last name as "Rea." *Compare* Pl.'s Mot. to Amend Ex. 2, Doc. No. 123-2, at 2, *with* City Defs.' Mot. Ex. 1, Doc. No. 149-1, at 1.

[5] In their Motion, the City Defendants also request that the claims against them be stayed based on the *Younger* doctrine of abstention and that they be relieved from any obligation to respond to Plaintiff's Second Amended Complaint. *See* City Defs.' Mot. at 6-7. As stated, the Court ordered such a stay on November 5, 2013. *See* Order, Doc. No. 185. Because Defendants have received the relief they requested, their request is moot and should be denied as such. For clarification, this means that Defendants Munson, Rea, Storm, and Morton need not respond to Plaintiff's Second Amended Complaint while the claims against them are stayed or until further notice from the Court.

As mentioned, these four Defendants were originally named by Plaintiff as "John Doe[s] 1, 2, and 3," and further described as "S.W.A.T. team members" involved in Plaintiff's arrest. Second Am. Compl., Doc. No. 50, at 4, 8. To identify these individuals and to obtain their addresses for service of process, Plaintiff submitted discovery requests to Defendants Stanley and the Board of County Commissioners. Order, Doc. No. 110. In response, the Board of County Commissioners identified Munson, Rea, Storm, and Morton as city police officers who were members of "[t]he 'S.W.A.T' Team on the scene [that] took part in Plaintiff's arrest." Pl.'s Mot. to Amend Ex. 2, Doc. No. 123-2, at 2. Emphasizing that the individuals were city employees rather than county employees, the Board stated that "the only address" they had for Munson, Rea, Storm, and Morton was the address for "their place of employment at the time of the incident, Woodward Police Department, 1219 Eighth Street, Woodward, OK 73801." *Id.* at 3.[6]

Using the above information, Plaintiff requested and was issued summonses for Defendants Munson, Rea, Storm, and Morton. *See* Pro Se Litigant's Request for Issuance of Summons, Doc. No. 137, at 1; Summonses, Doc. No. 138, at 1-4. Because Plaintiff has been granted pauper status in this proceeding, he was entitled to have the United States Marshals Service ("USMS") attempt to serve Defendants. *See* Order, Doc. No. 12; Fed. R. Civ. P. 4(c)(3); *see also* Order Requiring Service and Special Report,

---

[6] From this document, it is clear that the identities and addresses of the city police officers were not provided—as suggested by Plaintiff—by the officers themselves but by the Board of County Commissioners. *Compare* Pl.'s Resp. to City Defs.' Mot. at 2, *with* Pl.'s Mot. to Amend Ex. 2 at 2-3 (Board's discovery responses).

Doc. No. 77. Accordingly, Plaintiff also completed a Process Receipt and Return Form for each Defendant ("USM-285 Forms"), again using the information provided by the Board of Commissioners. *See* USM-285 Forms, Doc. No. 144, at 1, 3, 5, 7.

The USMS attempted to serve each Defendant via certified mail, return receipt requested. *Id.* at 2, 4, 6, 8. These deliveries were not restricted to the respective addressees. *See id.* Each return receipt was signed by "Donna Poston," who, according to Defendants, is "the Utility Billing Clerk for the City of Woodward." *See id*; City Defs.' Mot. at 8; *see also* City Defs.' Mot. Ex. 1, Doc. No. 149-1, at 1.

A. *Service upon an Individual*

As detailed below, the attempted service of process upon Defendants Munson, Rea, Storm, and Morton as individuals was insufficient under both federal civil procedural rules and applicable Oklahoma law. *See* Fed. R. Civ. P. 4(e); Okla. Stat. tit. 12, § 2004(C)(1)(c)(1), (C)(2)(a)-(b).

1. Service by Certified Mail

Federal civil procedural rules permit service upon an individual by, among other methods, "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Oklahoma is both where this federal district court is located and where service was to be made; thus, service in accordance with applicable Oklahoma law would be permissible. *See id.* Under Oklahoma law, a court-appointed process server—such as the USMS in this case—is permitted to serve an individual by, among other methods, "mailing a copy of the summons and [initiating pleading] by

7

certified mail, return receipt requested and *delivery restricted to the addressee.*" *See* Okla. Stat. tit. 12, § 2004(C)(2)(a), (b) (emphasis added). As noted, delivery in this instance was not restricted to the respective addressees, and, thus, service by mail was not properly completed in accordance with Oklahoma law. *See* Okla. Stat. tit. 12, § 2004(C)(2)(b); USM-285 Forms at 2, 4, 6, 8.

    2. <u>Service by Means Other than Mail</u>

Federal civil procedural rules also permit "[a]ny person who is at least 18 years old and not a party [to] serve a summons and complaint" upon an individual by either (1) "delivering a copy of the summons and of the complaint to the individual personally"; (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(c)(2), (e)(2). Similarly, under Oklahoma law, a court-appointed process server is permitted to serve an individual by either (1) "delivering a copy of the summons and of the [initiating pleading] personally"; (2) "leaving copies [of the summons and initiating pleading] at the person's dwelling house or usual place of abode with some person then residing therein who is fifteen (15) years of age or older"; or (3) "delivering a copy of the summons and of the [initiating pleading] to an agent authorized by appointment or by law to receive service of process." Okla. Stat. tit. 12, § 2004(C)(1)(c)(1).

Here, as stated, the attempted service was by mail and not delivery. Even if the mailings were construed as attempted delivery, service would be insufficient. As for the

8

first method listed above, it is undisputed that none of Defendants Munson, Rea, Storm, or Morton was personally served. *See* City Defs.' Mot. at 7-9; Pl.'s Resp. to City Defs.' Mot. at 2-3; Fed. R. Civ. P. 4(e)(2)(A); Okla. Stat. tit. 12, § 2004(C)(1)(c)(1). As for the second option above, it cannot reasonably be disputed that the address provided by Plaintiff for service—i.e., the address for the Police Department of the City of Woodward—was not the dwelling or usual abode of any of these Defendants or for Donna Poston, the city employee who actually received the certified mail. *See* Fed. R. Civ. P. 4(e)(2)(B); Okla. Stat. tit. 12, § 2004(C)(1)(c)(1); *Rosa v. Cantrell*, 705 F.2d 1208, 1214-16 (10th Cir. 1982) (discussing "dwelling" and "usual place of abode" as generally defined); City Defs.' Mot. at 7-9; City Defs.' Mot. Ex. 1 at 1. Thus, neither of the first two options discussed in the rule and statute for service upon an individual is satisfied. *See* Fed. R. Civ. P. 4(e)(2)(A)-(B); Okla. Stat. tit. 12, § 2004(C)(1)(c)(1). As for the third option, Plaintiff offers no information or authority to suggest that Donna Poston was an agent authorized by appointment or by law to receive service of process on behalf of Defendants Munson, Rea, Storm, and Morton. *See* Pl.'s Resp. to City Defs.' Mot. at 2-3; Fed. R. Civ. P. 4(e)(2)(C); *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992) ("[P]laintiff has the burden . . . of establishing the validity of the service of process . . . ." (citations omitted)); *see also* Okla. Stat. tit. 12, § 2004(C)(1)(c)(1).

  B. *Service upon a Municipal Corporation*

Plaintiff contends that because he is suing Defendants Munson, Rea, Storm, and Morton in their official as well as their individual capacities, service was sufficient under

Oklahoma law. Pl.'s Resp. to City Defs.' Mot. at 2-3. Defendants dispute that they are being sued in their official capacities, asserting that they are, at most, being sued only in their individual capacities. *See* City Defs.' Reply, Doc. No. 180, at 2-7. As already established, the attempted service upon Defendants Munson, Rea, Storm, and Morton as individuals was insufficient, and Plaintiff's contention that those Defendants are also being sued in their official capacities does nothing to correct the insufficient service upon them as individuals. As for Plaintiff's official-capacity claims—assuming for purposes of this Report and Recommendation that Plaintiff has asserted such claims—the attempted service was likewise insufficient under both the applicable federal rules and Oklahoma law.

Some courts hold that service upon a state or municipal employee who is sued in an official capacity must be made pursuant to Federal Rule of Civil Procedure 4(j)(2), which prescribes the acceptable methods for serving the state or municipality itself. *See Moore v. Hosemann*, 591 F.3d 741, 747 & n.6 (5th Cir. 2009); *Bernard v. Kan. Health Policy Auth.*, No. 09-1247-JTM, 2011 WL 768145, at *14 (D. Kan. Feb. 28, 2011). These courts reason that an official-capacity suit is effectively a suit against the governmental entity itself, and, therefore, service of the official at the entity's address through the procedures available for serving the entity are appropriate. *See Moore*, 591 F.3d at 746-47. Other courts hold that such service should be pursuant to Federal Rule of Civil Procedure 4(e), which prescribes the acceptable methods for serving an individual. *See Caisse v. DuBois*, 346 F.3d 213, 216 (1st Cir. 2003); *Leung v. Citizens Bank*, No. 12-11060-FDS, 2014 WL 1343271, at *2 (D. Mass. Apr. 2, 2014). For those courts, because

an official-capacity claim is commenced through suing an individual, jurisdiction and the enforcement of court orders must also be founded on service of the individual. *See Caisse*, 346 F.3d at 216-17.

The Court need not resolve this question because service in this instance was improper under either approach. First, as previously discussed, the attempted service upon Defendants Munson, Rea, Storm, and Morton as individuals was insufficient under Rule 4(e). Second, at the time of the events giving rise to the claims against them, each Defendant was an employee of the City of Woodward's Police Department or, more simply, the City of Woodward—a municipal corporation. *See* City Defs.' Mot. at 2; City Defs.' Mot. Ex. 1 at 1. Thus, an official-capacity suit against those Defendants would be treated as a suit against the City of Woodward. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). As explained below, however, service upon Defendants was not adequate under Rule 4(j)(2).

1. Service by Certified Mail

Rule 4(j)(2)(B) permits service upon a municipal corporation by "serving a copy of [the summons and the complaint] in the manner prescribed by th[e] state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(B). Under Oklahoma law, a court-appointed process server is permitted to serve a municipal corporation by, among other methods, "mailing a copy of the summons and [initiating pleading] by certified mail, return receipt requested and delivery restricted to the addressee." *See* Okla. Stat. tit. 12, § 2004(C)(2)(b). Here, as noted, delivery of the certified mail items was not restricted to the respective addressees. *See* USM-285 Forms

at 2, 4, 6, 8. Thus, service was not properly completed in accordance with Oklahoma law and, it follows, was not completed in accordance with Rule 4(j)(2)(B). *See* Okla. Stat. tit. 12, § 2004(C)(2)(b); Fed. R. Civ. P. 4(j)(2)(B).

Broadly construed, Plaintiff argues that the attempted service was valid under Oklahoma law because Ms. Poston was authorized to receive certified mail for the City of Woodward and that Ms. Poston's signature on the certified mail return receipts is therefore deemed an acceptance of service on behalf of the City of Woodward. *See* Pl.'s Resp. to City Defs.' Mot. at 2, 3 (citing Okla. Stat. tit. 12, § 2004(C)(2)(c)); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991) (stating rule of liberal construction "applies to all proceedings involving a pro se litigant"). Applicable Oklahoma law provides that service upon a state municipal corporation shall be made by delivering or mailing a copy of the summons and of the initiating pleading "to the officer or individual designated by specific statute; however, if there is no statute, then upon the chief executive officer or a clerk, secretary, or other official whose duty it is to maintain the official records of the organization." Okla. Stat. tit. 12, § 2004(C)(1)(c)(5), (C)(2)(b)-(c). Defendants have presented evidence that Ms. Poston is the Utility Billing Clerk for the City of Woodward and not the city's chief executive officer or an official records clerk. *See* City Defs.' Mot. Ex. 1 at 1; City Defs.' Reply at 3 (citing an affidavit from Woodward City Clerk Catherine Coleman and indicating that Ms. Coleman is the sole records clerk for purposes of Section 2004(C)(1)(c)(5)).

A separate provision addressing whether a default judgment may be entered after service by mail, however, states: "In the case of a state municipal corporation, . . .

acceptance or refusal by an employee of the office of the officials specified in [Section 2004(C)(1)(c)(5)] who is authorized to or who regularly receives certified mail shall constitute acceptance or refusal by the party addressed." Okla. Stat. tit. 12, § 2004(C)(2)(c). It is unclear that this provision regarding acceptance of certified mail would extend to an official-capacity claim against a municipal employee as compared to, for example, an official-capacity claim against one of the officials listed in Section 2004(C)(1)(c)(5) of the Oklahoma statute. Regardless, the provision does not negate Oklahoma's requirement that a mailing of service be restricted to the addressee. *See id.* § 2004(C)(2)(b). Because that restricted delivery did not occur, the attempted service was inadequate.

2. Service by Means Other than Mail

Rule 4(j)(2)(A) also permits "[a]ny person who is at least 18 years old and not a party [to] serve a summons and complaint" upon a municipal corporation by "delivering a copy of the summons and of the complaint to its chief executive officer." Fed. R. Civ. P. 4(c)(2), (j)(2)(A). Similarly, under Oklahoma law, a court-appointed process server is permitted to serve a municipal corporation by delivering a copy of the summons and the complaint to the individuals listed in Section 2004(C)(1)(c)(5) as authorized to accept service on behalf of the municipal corporation. *See* Okla. Stat. tit. 12, § 2004(C)(1)(c)(5).

Here, again, the attempted service was by mail and not personal delivery. In any event, Ms. Poston was not a qualifying recipient of service under Section 2004(C)(1)(c)(5). Thus, even if service upon Defendants Munson, Rea, Storm, and

Morton could be properly accomplished pursuant to Federal Rule of Civil Procedure 4(j)(2)(A), the attempted service was inadequate.

*C. Curing Insufficient Service of Process*

"[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant. The court nevertheless retains broad discretion to dismiss the action if it appears unlikely that proper service can or will be instituted." *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983) (citation omitted).

Here, Plaintiff asserts that he relied in good faith upon addresses provided for Defendants Munson, Rea, Storm, and Morton—although Plaintiff misstates the provenance of those addresses. *See* Pl.'s Resp. to City Defs.' Mot. at 2; *see also supra* note 6. Plaintiff further asserts that any insufficiencies of service of process are "not due to any fault on the part of the Plaintiff." *See* Pl.'s Resp. to City Defs.' Mot. at 3. Although Plaintiff's assertions lack detailed factual support, the undersigned—based on the foregoing discussion—finds that Plaintiff is to a significant extent not at fault for the failure to perfect service. Because it is possible that Plaintiff could, through additional efforts on his part, accomplish sufficient service on Defendants Munson, Rea, Storm, and Morton, additional time should be provided for him to attempt to do so.

The undersigned recommends that Defendants' motion to dismiss be denied insofar as the relief requested. *See Pell*, 711 F.2d at 950 n.2. The undersigned further recommends that Plaintiff be granted a 60-day period in which to re-serve Defendants Munson, Rea, Storm, and Morton. *See id.* Finally, the undersigned recommends that the

14

matter continue to be referred to the undersigned for the purpose of overseeing this deadline.

## II. WHETHER PLAINTIFF'S CLAIMS AGAINST DEFENDANTS MUNSON, REA, STORM, AND MORTON SHOULD BE DISMISSED UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

*A. Statute of Limitations*

The City Defendants next contend that, insofar as the claims against them, Plaintiff's Complaint is untimely on its face because it was not filed within the two-year statute of limitations period applicable to claims under 42 U.S.C. § 1983. Thus, they argue that those claims should be dismissed for failure to state a claim upon which relief may be granted. *See* City Defs.' Mot., Doc. No. 149, at 9 (citing Fed. R. Civ. P. 12(b)(6)); *see also Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999) (discussing § 1983 limitations period); Okla. Stat. tit. 12, § 95(A)(3) (providing limitations period applicable to § 1983 claims). Defendants' argument, in its entirety, is as follows:

> Plaintiff alleges in his original Complaint, and his Second Amended Complaint that his arrest occurred on June 29, 2009. Plaintiff filed his Complaint on September 7, 2011 - - more than two (2) years after his arrest. Therefore, Plaintiff's Complaint (and amendments thereof) against Messrs. Munson, Rea, Storm[,] and Morton is out of time and should be dismissed as a matter of law.

City Defs.' Mot. at 9.

In response, Plaintiff explains that he previously filed this action with the Court as *Harper v. Woodward County District Court*, No. CIV-10-849-HE, which was commenced on August 6, 2010, i.e., within the two-year limitations period following

15

Plaintiff's arrest on June 29, 2009. *See* Pl.'s Resp. to City Defs.' Mot., Doc. No. 172, at 3; Compl., *Harper v. Woodward Cnty. Dist. Ct.*, No. CIV-10-849-HE (W.D. Okla. Aug. 6, 2010), Doc. No. 1. Plaintiff further explains that he voluntarily dismissed that action effective October 19, 2011, after having filed the current action. *See* Pl.'s Resp. to City Defs.' Mot. at 3; *Harper v. Woodward Cnty. Dist. Ct.*, No. CIV-10-849-HE (W.D. Okla. Dec. 8, 2011) (order accepting voluntary dismissal under Fed. R. Civ. P. 41(a)(1)).

Plaintiff's statements offer a plausible ground for finding that the present action relates to his prior action for the purpose of application of the statute of limitations. *See* Fed. R. Civ. P. 15(c)(1) (addressing relation back of amendments to pleadings); Okla. Stat. tit. 12, § 100 (providing one-year period to refile timely action after its failure other than on merits); *Williams v. City of Guthrie*, 109 F. App'x 283, 286 (10th Cir. 2004) (applying Okla. Stat. tit. 12, § 100 to action filed in federal court under 42 U.S.C. § 1983); *Green v. Sirmons*, No. CIV-12-295-FHS, 2014 WL 1331157, at *3 (E.D. Okla. Mar. 31, 2014) (same; citing *Hardin v. Straub*, 490 U.S. 536 (1989)); *Manning v. Lester*, No. CIV-13-150-M, 2013 WL 6633962, at *2 (W.D. Okla. Dec. 17, 2013) (collecting cases applying Okla. Stat. tit. 12, § 100). In their reply, Defendants do not dispute or address Plaintiff's explanation. *See* City Defs.' Reply, Doc. No. 180, at 1-7.

While not conclusively rejecting Defendants' statute of limitations defense, the undersigned finds that the minimal argument in Defendants' motion, and lack of a response to Plaintiff's arguments in Defendants' reply, do not provide sufficient factual or legal support to permit the motion to be granted. Accordingly, the undersigned recommends that Defendants' motion to dismiss based upon the alleged untimeliness of

the action be denied, but that such denial be without prejudice to Defendants—if and upon their being served—raising the issue again, presumably with significantly more support.

B. *Specific Identification of Defendants Munson, Rea, Storm, and Morton*

Finally, the City Defendants contend that because their names, and specific allegations about them, do not appear in the Second Amended Complaint, any claims against them should be dismissed for failure to state a claim upon which relief may be granted. City Defs.' Mot. at 10. As discussed above, Plaintiff lists "John Doe[s] 1, 2, and 3" as defendants in his Second Amended Complaint and alleges that these persons were "S.W.A.T. team members" who were involved in Plaintiff's arrest. Second Am. Compl., Doc. No. 50, at 4, 8. Plaintiff thereafter determined through discovery the names of four arresting officers—specifically, Munson, Rea, Storm, and Morton—and sought to substitute them for the three John Does. *See* Pl.'s Mot. to Amend Ex. 2, Doc. No. 123-2, at 2; Pl.'s Supplement to Mot. to Am., Doc. No. 133. The Court previously resolved the issue by permitting Plaintiff to add "John Doe 4" as a defendant to the Second Amended Complaint and by ordering that "[t]he identities of John Does 1-4 are hereafter known as Travis Munson, James Rea, Mike Morton and Barrett Storm." Order, Doc. No. 136, at 2 (granting Pl.'s Supplement to Mot. to Amend, Doc. No. 133). Because the Second Amended Complaint now specifically names Munson, Rea, Storm, and Morton as

Defendants, and includes allegations against them, Defendants' motion to dismiss on this ground should be denied.[7]

## RECOMMENDATION

In sum, based on the foregoing analysis, the undersigned recommends that Defendants Munson, Rea, Storm, and Morton's Motion (Doc. No. 149) be denied as follows:

1. To the extent Defendants Munson, Rea, Storm, and Morton seek to have the claims against them stayed, the Motion should be denied as moot.

2. To the extent Defendants Munson, Rea, Storm, and Morton seek to have the claims against them dismissed under Federal Rules of Civil Procedure 12(b)(5) or 12(b)(6), the Motion should be denied.

---

[7] In their Reply, the City Defendants contend that any claim against them in their official capacities would be subject to dismissal for failure to state a claim upon which relief may be granted. *See* City Defs.' Reply at 3-7. Having found that service of process upon Defendants in their official capacities was insufficient, the undersigned need not address this argument at this time; however, Defendants may reurge it if and upon their being served. Even if not for the insufficient service, Defendants' arguments would not be considered because they were raised for the first time in a reply brief. *See* LCvR 7.1(c); *see, e.g.*, *In re Bank of Am. Wage & Hour Emp't Practices Litig.*, 275 F.R.D. 534, 537 (D. Kan. 2011). Similarly, although not including any supporting argument on the point, Plaintiff titled his Response as though he were moving in the alternative for a default judgment against the City Defendants. *See* Pl.'s Resp. to City Defs.' Mot. at 1. Having found that service of process upon these Defendants was insufficient, the undersigned need not address Plaintiff's argument; even if that were not the case, the argument would not be considered because it cannot be properly made through a response brief. *See* LCvR 7.1(c); *see also Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (reiterating that pro se litigants must follow applicable procedural rules); Fed. R. Civ. P. 55(b)(2) (outlining default judgment procedure).

The undersigned further recommends that the Court quash the service of process upon Defendants Munson, Rea, Storm, and Morton, while granting Plaintiff a 60-day period in which to re-serve those Defendants.

NOTICE OF RIGHT TO OBJECT

The parties are advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by October 17, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral in the present case.

ENTERED this 26th day of September, 2014.

*/s/ Charles B. Goodwin*
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE