# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DALE E. HARPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-11-996-HE |
| ) | |
| WOODWARD COUNTY BOARD ) | |
| OF COUNTY COMMISSIONERS et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Dale E. Harper, a state prisoner appearing pro se and proceeding *in forma pauperis*, brings this action under 42 U.S.C. § 1983, alleging violations of his federal constitutional rights. United States District Judge Joe Heaton has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). This Report and Recommendation addresses a motion filed by Plaintiff (Doc. No. 206), seeking to lift the Court's stay of certain claims.

### BACKGROUND AND STATUS OF ACTION

On February 10, 2012, Plaintiff filed an amended complaint in which he asserted some 24 claims against at least 30 defendants.[1] *See* Second Am. Compl., Doc. No. 50. Plaintiff's claims are largely, but not entirely, based on actions taken in connection with

---

[1] In this Report and Recommendation, the undersigned refers to Plaintiff's February 10, 2012, Complaint, as modified by a June 7, 2013, Order (Doc. No. 136), as his "Second Amended Complaint."

the arrest, detention, and prosecution of Plaintiff by state officials in Woodward County, Oklahoma, for violation of various Oklahoma criminal statutes.

In accordance with the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), the Court previously stayed many of Plaintiff's remaining claims because they relate to ongoing criminal proceedings against Plaintiff in Woodward County.[2] *See* Order, Doc. No. 73, at 2-3, 4; *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (noting that under *Younger*, federal courts avoid "interference with pending state judicial proceedings absent extraordinary circumstances"). Specifically, the Court stayed Plaintiff's claims against Defendants Kevin Mitchell, T. Keith Wilson, Newell Wright, Cynthia Viol, Vicki Cook, Kim Crouch, Kenny Roberts, Mike Harper, Joe Adams, Troy White, Deputy Cody, Travis Munson, James Rea, Mike Morton, and Barrett Storm until the conclusion of the Woodward County criminal proceedings. Order, Doc. No. 73, at 2-3, 4; Order, Doc. No. 185, at 1-2. The Court similarly stayed Plaintiff's claims against the Woodward County Board of County Commissioners and Woodward County Sheriff Gary Stanley that relate to Plaintiff's arrest and prosecution. Order, Doc. No. 73, at 3, 4.

---

[2] Upon review of state court records for Woodward County, Oklahoma, the undersigned judicially notices that these criminal proceedings remain ongoing as of this date. According to the publicly available docket sheet in the relevant proceeding, Plaintiff's case is set for jury trial on October 6, 2014. *See State v. Harper*, No. CF-2009-198 (Woodward Cnty. Dist. Ct. filed June 30, 2009). This docket sheet is available at http://www1.odcr.com/detail?court=077-&casekey=077-CF++0900198. The docket sheet also reflects that issues with Plaintiff's competency to stand trial may have contributed to the delay in his case proceeding to trial.

On May 30, 2014, Plaintiff filed a "Petit[]ion [f]or the Court to 'See' State[']s Exhibits #7, and #8 'In Camera,' to [O]vercome the Younger Abstention" (Doc. No. 206, "Pl.'s Mot. Recons."). The undersigned construes this filing as a motion for the Court to reconsider its orders staying certain claims based on *Younger* abstention, as described above. *See* Orders, Doc. Nos. 73, 185.

ANALYSIS

In his motion, Plaintiff references two "digital photos" that he believes would establish that he is being prosecuted "in bad faith for the purpose of harassment," but he does not specifically describe the photographs. *See* Pl.'s Mot. Recons. at 1. Instead, Plaintiff describes a witness' "false testimony," which Plaintiff believes "is not supported by any evidence." *See id.*

To overcome *Younger* abstention, Plaintiff must meet a "heavy burden of proof," which will not be satisfied by setting forth mere allegations of bad faith or harassment and, instead, often requires some extrinsic evidence. *See Phelps v. Hamilton*, 59 F.3d 1058, 1066 (10th Cir. 1995). Here, Plaintiff's assertions along with his descriptions of testimony and evidence—even assuming such assertions and descriptions to be true—are insufficient to meet this burden. Accordingly, the undersigned recommends that Plaintiff's motion (Doc. No. 206) be denied.[3]

---

[3] Further, the undersigned reiterates that, although claims against Plaintiff's criminal defense attorneys have been stayed in this matter, Plaintiff's claims against state prosecutors in his pending criminal case have been dismissed based on a finding of absolute immunity. *See* Order, Doc. No. 73, at 2.

## RECOMMENDATION

Based on the foregoing analysis, the undersigned recommends that the Court deny Plaintiff's motion to reconsider its stay of certain claims based on *Younger* abstention (Doc. No. 206).

## NOTICE OF RIGHT TO OBJECT

The parties are advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by October 17, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral in the present case.

ENTERED this 26th day of September, 2014.

*[signature: Charles B. Goodwin]*

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE