IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

DALE E. HARPER,                         )
                                        )
           Plaintiff,                   )
vs.                                     )   Case No. CIV-11-0996-HE
                                        )
WOODWARD COUNTY BOARD                   )
OF COUNTY COMMISSIONERS, *et al.*       )
                                        )
           Defendants.                  )

# ORDER

Plaintiff Dale E. Harper, a state prisoner appearing *pro se* and *in forma pauperis*, filed this § 1983 action against multiple defendants, alleging various violations of his constitutional rights. By order entered on September 27, 2012, the court dismissed some of plaintiff's claims with prejudice, dismissed others without prejudice and stayed others. Doc. #73. Many of the remaining claims are now the subject of a comprehensive Report and Recommendation issued by Magistrate Judge Charles B. Goodwin, to whom the matter was referred consistent with 28 U.S.C. § 636(b). He has addressed dispositive motions filed by defendants Board of County Commissioners of Woodward County, Gary Stanley, Saunnie Thompson, Roger Routh and Devan Brewer. Plaintiff and defendants Stanley, Thompson, Routh and Brewer have objected to some of the magistrate judge's recommendations. The court has conducted a *de novo* review of the pertinent portions of his report, which will be discussed following a brief summary of the magistrate judge's determinations.

The magistrate judge initially concluded that plaintiff properly named the Board of County Commissioners of Woodward County as a defendant. Although this has recently

become a recurring issue in lawsuits involving sheriffs' departments, Oklahoma law clearly provides that the proper way to sue a county is to sue its board of county commissioners. Oklahoma law provides that "[i]n all suits or proceedings by or against a county, the name in which a county shall sue or be sued shall be, "Board of County Commissioners of the County of _____," . . . ." 19 Okla. Stat. § 4. In the § 1983 context, a suit against the board of county commissioners or some other county official in his or her official capacity is, in substance, a suit against the county. Porro v. Barnes, 624 F.3d 1322, 1328 (10th Cir. 2008); Lopez v. LeMaster, 172 F.3d 756, 762 (10th Cir. 1999).[1] The court agrees with the magistrate judge that the Board was properly named as a defendant.[2] Whether plaintiff has stated a claim against the county is another matter.

The magistrate judge then proceeded to conclude that plaintiff, in his Second Amended Complaint, failed to sufficiently allege claims against defendants Stanley and Brewer in their individual capacities for deliberate indifference to plaintiff's serious medical needs in violation of the due process clause and failed to sufficiently allege facts demonstrating a policy of deliberate indifference as to plaintiff's serious medical needs to impose liability on Woodward County for that claim. He concluded that defendant Thompson's motion for summary judgment should be denied as to plaintiff's claim asserted

---

[1] *Confusion over the status of the Board of County Commissioners seems to be a staple of recent § 1983 litigation involving Oklahoma counties. For a useful and, in this court's view, accurate description of the legal landscape on the issue, see duBois v. Bd. of Cnty. Comm'rs of Mayes Cnty. Okla., 2014 WL 4810332 (N.D.Okla. Sept. 29, 2014).*

[2] *The magistrate noted that the plaintiff did not sue the Board members individually.*

2

against her in her individual capacity for deliberate indifference to plaintiff's serious medical needs.³

The magistrate judge determined defendants Thompson and Brewer were entitled to qualified immunity as to plaintiff's claim in Count IX that they exhibited deliberate indifference to his health and safety, but that defendant Stanley's motion for summary judgment on that claim on the basis of qualified immunity should be denied. He concluded plaintiff failed to sufficiently allege a factual basis for the imposition of municipal liability on Woodward County with respect to his deliberate indifference to inmate health and safety claim under either the Fourteenth or Eighth Amendment.

The magistrate judge rejected plaintiff's retaliation claim, to the extent it was asserted against defendant Stanley in his individual capacity, on the ground it lacked factual support. He concluded the claim also failed against Woodward County because he failed to identify a custom or policy of the County as required to establish an official-capacity claim.

The magistrate judge concluded that, to the extent plaintiff is attempting to state a due process claim in Count XXI of the Second Amended Complaint, he failed to allege facts linking defendant Stanley with the challenged disciplinary proceeding.

The magistrate judge determined that plaintiff's right to access the court claim, asserted against Stanley and Thompson individually, failed for lack of sufficient factual allegations, and that the claim failed against Woodward County because plaintiff failed to

---

³*Ms. Thompson had sought summary judgment on this claim on the basis of qualified immunity.*

identify the custom or policy needed to impose county liability.

The magistrate judge next addressed plaintiff's equal protection claims that were alleged in Counts I, V, IX, XX, and XXI against defendants Stanley, Thompson, Brewer and the Board and concluded they were deficient for lack of sufficient factual allegations.

Finally, the magistrate judge determined that plaintiff's claims of excessive force and failure to intervene asserted in Count VII against defendants Brewer and Routh should be stayed pursuant to the <u>Younger</u>[4] abstention doctrine.[5] These claims stem from an altercation that occurred at Urgent Care on March 16, 2010.

The court will first consider defendants' objections to the Report and Recommendation, then plaintiff's.

Defendant Stanley objects to the magistrate judge's denial of his motion for summary judgment on plaintiff's deliberate indifference to inmate health and safety claim, which is asserted against him individually. The sheriff moved for summary judgment on the basis of qualified immunity. After defendant Stanley and the other individual defendants invoked the defense of qualified immunity, the magistrate judge stayed all discovery pending resolution of the qualified immunity defenses. Doc. #131.

Plaintiff's conditions of confinement claim is based on his alleged placement at

---

[4]<u>Younger v. Harris</u>, 401 U.S. 37(1971)

[5]*The magistrate judge did, though, address plaintiff's allegations in Count VII of the Second Amended Complaint that defendant Brewer was deliberately indifferent to his serious medical needs in violation of his Fourteenth Amendment rights. See Doc. #220, p. 25.*

4

defendant Stanley's direction in a jail cell with a nonworking toilet.[6] Defendant Stanley challenges the magistrate's conclusion that plaintiff's submissions warrant the denial of summary judgment at this stage to allow him to engage in limited discovery as to this claim. Although a close question, the court agrees with the magistrate judge's analysis. The Sheriff is wrong when he states that "the only evidence is that all decisions related to Plaintiff were made by WCJ on-site staff without any participation, direction or involvement by Sheriff Stanley.'" Doc. #228, p. 6.[7] Plaintiff has submitted evidence[8] that Sheriff Stanley intentionally had him placed in a cell with a nonfunctional toilet on November 23, 2011, where he remained until November 28, 2011. Doc. #164, p. 13. That evidence coupled with proof that, despite his reports to Woodward County Jail staff members, the toilet was not fixed for four and one-half days, merits the limited discovery the magistrate judge suggests plaintiff be allowed to conduct on the claim.[9]

Defendant's assertion that being confined for several days in a cell with a toilet that

---

[6]*Defendant Stanley also objects to the magistrate judge's recommendation that the official capacity claims against him and the other defendants be dismissed. See Doc. #228, p. 2. He appears to contend that the magistrate judge should have recommended that summary judgment be entered in favor of the Board on plaintiff's deliberate indifference to inmate health and safety claim and perhaps others, yet fails to offer any argument or further discussion in support of this objection. Without more, the court cannot address the objection as to claims against the Board or the individual defendants in their official capacities and considers it waived.*

[7]*Reference is to the CM/ECF document and page numbers.*

[8]*Plaintiff's response to defendants' motion for summary judgment, Doc. #164, is a sworn declaration pursuant to 28 U.S.C. § 1746.*

[9]*The court recognizes that a § 1983 defendant may not be held liable under a theory of respondeat superior.*

is overflowing with human waste is not a sufficiently serious deprivation to rise to the level of a constitutional violation is not persuasive. The court is also not persuaded that the magistrate erred in refusing to grant summary judgment on the basis that plaintiff failed to demonstrate that defendant Stanley was deliberately indifferent to the asserted conditions in plaintiff's cell. Defendant will have another opportunity to test plaintiff's evidence in a subsequent summary judgment filing, if the magistrate judge concludes that should be allowed.

Defendant Thompson objects to the magistrate judge's recommendation that she be denied summary judgment on plaintiff's claim of deliberate indifference to his serious medical needs, which was asserted against her in her individual capacity. Discovery was stayed as to this claim also, due to Ms. Thompson's assertion of the defense of qualified immunity.

Defendant Thompson characterizes plaintiff's complaints about his medical care as merely being a disagreement with the quality of the care he received and defendant's failure to allow him to see the provider of his choice. She asserts that the treatment provided was reasonable under the facts known to her. Claiming that the record clearly shows that she sought both initial treatment and then followup care for plaintiff, and that he received the medications that were prescribed, defendant Thompson contends plaintiff has not presented evidence of the deliberate indifference to a substantial risk of serious harm required to hold her personally accountable under §1983.

The defendant has basically ignored many of the findings critical to the magistrate

judge's determinations. While he recognized that the evidence was disputed, the magistrate judge concluded, among other things, that plaintiff offered evidence of the following: that plaintiff had a back injury that caused him significant back pain, that he had informed defendant Thompson of his injury/back pain and had showed her bruises covering his back, that defendant delayed providing plaintiff with any medical treatment until a month after his arrest, and then "restricted his access to medical professionals capable of assessing or treating his condition," ignoring the recommendation of Urgent Care personnel on three our of four occasions that "Plaintiff seek follow-up care with a primary care provider." Doc. #220, pp. 41-42,40.

The court agrees with the magistrate judge that plaintiff here has "asserted more than mere disagreement with the determinations of a medical professional." Doc. #290, p. 42 n.26. Rather, plaintiff claims defendant Thompson initially delayed providing him with medical care and then, for several months, limited his care to that provided by a nurse practitioner. This, plus the other evidence cited in the Report and Recommendation, suffices to demonstrate both the objective and subjective components of plaintiff's deliberate indifference claim against defendant Thompson. The claim will be referred again to the magistrate judge as he suggests, to allow limited discovery.

The remaining objection of defendants pertains to the magistrate judge's recommendation that the motions of defendants Routh and Brewer, insofar as they seek a dispositive ruling on plaintiff's failure to intervene and excessive force claims described in Count VII of the Second Amended Complaint, be denied without prejudice and the claims

7

stayed under Younger. Defendants Routh and Brewer propose that the motions as well as the claims be stayed, so they do not have to go to the expense of redrafting them once the stay is lifted. Because the stay may be lengthy, procedurally it will be less complicated to deny the motions. Defendants can simply refile the same motions with minimal effort when the stay is lifted.

Plaintiff's only actual objection to the Report and Recommendation is to the magistrate judge's determination that he did not state a retaliation claim against defendant Stanley. *See* Doc. #233. While Plaintiff asserts that defendants somehow deliberately misled the magistrate judge, the magistrate judge's conclusion that plaintiff failed to state a claim is based on plaintiff's failure to allege specific fact demonstrating retaliatory motive. Plaintiff has not shown the magistrate judge erred.

Plaintiff also has filed numerous motions to amend his complaint. The motions, Doc. Nos. 235-239,[10] are all denied at this time. Plaintiff may, within ten days, file one renewed motion to amend, as to claims that the court in this order dismisses without prejudice on the magistrate judge's recommendation. However, plaintiff may not add new claims or add new parties to a claim that he seeks to amend. The magistrate judge may, of course, determine that leave to amend should be denied based on undue delay, undue prejudice to the opposing party, because the proposed amendment would be futile or for any other reason he concludes is appropriate.

---

[10]*Document 239, although titled Plaintiff's Objections to Document #220, essentially is another motion requesting leave to amend.*

Accordingly, the court adopts the very thorough and well-reasoned Report and Recommendation of Magistrate Judge Goodwin. The motions to dismiss or in the alternative for summary judgment of the Board of County Commissioners of Woodward County [Doc. #115], Stanley, Thompson, and Routh [Doc. #116], and defendant Brewer [Doc. #152] are all **granted in part and denied in part**. The rulings as to each defendant follow.

Board of County Commissioner of Woodward County

The motion is denied to the extent the Board claims it was not properly named as a defendant. As to all official-capacity claims asserted against it that are not stayed ("active claims"), the motion is granted.

Defendant Stanley

To the extent defendant Stanley seeks the dismissal of any active claims asserted against him in both his individual and official capacities for deliberate indifference to a serious medical need, for retaliation, for a violation of plaintiff's right to access the courts, and for a violation of his right to equal protection, defendant's motion is granted.

To the extent defendant Stanley seeks the dismissal of any active claims asserted against him in his official capacity for deliberate indifference to inmate health and safety, defendant's motion is granted.

To the extent defendant Stanley seeks summary judgment on any active claim asserted against him in his individual capacity for deliberate indifference to inmate health and safety, defendant's motion is denied without prejudice.

Defendant Thompson

To the extent defendant Thompson seeks the dismissal of any claims asserted against her in her official capacity for deliberate indifference to a serious medical need or to inmate health and safety, defendant's motion is granted.

To the extent defendant Thompson seeks summary judgment on any claims asserted against her in her individual capacity for deliberate indifference to a serious medical need, defendant's motion is denied without prejudice.

To the extent defendant Thompson seeks summary judgment on any claims asserted against her in her individual capacity for deliberate indifference to inmate health and safety, defendant's motion is granted.

To the extent defendant Thompson seeks dismissal of any claim that she violated plaintiff's right to access the courts or his right to equal protection, defendant's motion is granted.

Defendant Routh

To the extent defendant Routh seeks a dispositive ruling on plaintiff's failure to intervene claim alleged in Count VII of the Second Amended Complaint, defendant's motion is denied without prejudice and the claim is stayed pursuant to the Younger abstention doctrine.

Defendant Brewer

To the extent defendant Brewer seeks the dismissal of any claims asserted against him in his individual or official capacity for an equal protection violation, except for any such violation alleged in Count VII, defendant's motion is granted.

To the extent defendant Brewer seeks the dismissal of any claims asserted against him in his official capacity for deliberate indifference to inmate health and safety, defendant's motion is granted.

To the extent defendant Brewer seeks summary judgment on any claims asserted against him in his individual capacity for deliberate indifference to inmate health and safety, defendant's motion is granted.

To the extent defendant Brewer seeks a dispositive ruling on the excessive force claim alleged in Count VII of the Second Amended Complaint, defendant's motion is denied without prejudice and the claim is stayed pursuant to the <u>Younger</u> abstention doctrine.

The court dismisses without prejudice any claims asserted against the members of the Board of County Commissioners of Woodward County in their individual capacities, any claims asserted against defendant Brewer in his individual or official capacity for deliberate indifference to a serious medical need and any claims asserted against any defendant in his or her individual capacity for a due process violation in connection with a prison disciplinary proceeding at Lawton Correctional Facility. *See* 42 U.S.C. § 1997e(c)(1); 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

The case continues to be referred to Magistrate Judge Goodwin, who will oversee limited discovery as to the remaining, active claims. Those claims are: (1) a claim asserted in Count V against defendant Thompson in her individual capacity for deliberate indifference to a serious medical need and (2) a claim asserted in Count XXI against defendant Stanley in his individual capacity for deliberate indifference to inmate health and safety. The

11

remaining claims that are stayed are alleged in Count VII against defendants Routh and Brewer and relate to excessive force, failure to intervene, and equal protection and also are the claims that relate to plaintiff's June 2009 arrest.

**IT IS SO ORDERED**.

Dated this 29th day of December, 2014.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE