# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF OKLAHOMA

DALE E. HARPER, )
 )
       Plaintiff, )
vs. ) Case No. CIV-11-0996-HE
 )
WOODWARD COUNTY BOARD )
OF COUNTY COMMISSIONERS, *et al.* )
 )
       Defendants. )

## **ORDER**

     Plaintiff Dale E. Harper, a state prisoner appearing *pro se* and *in forma pauperis*, filed this § 1983 action against multiple defendants, alleging violations of his constitutional rights. By order entered on September 27, 2012, the court dismissed some of plaintiff's claims with prejudice, dismissed others without prejudice and stayed others. Doc. #73. Magistrate Judge Charles B. Goodwin, to whom the matter has been referred consistent with 28 U.S.C. §636(b), has issued a Report and Recommendation addressing a dispositive motion filed by defendants Travis Munson, James Rea, Mike Morton and Barrett Storm. In a separate Report and Recommendation, the magistrate judge addressed dispositive motions filed by codefendants Board of County Commissioners of Woodward County, Gary Stanley, Saunnie Thompson, Roger Routh and Devan Brewer.

     Plaintiffs' claims against Munson, Rea, Morton and Storm were stayed under the Younger abstention doctrine[1] because they relate to ongoing criminal proceedings against plaintiff in Woodward County. Nonetheless, these defendants raised issues in their motion

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971)

that may be addressed independently of the stay. The magistrate judge rejected their defenses and recommended that their motion to dismiss be denied.

The defendants were City of Woodward police officers who assisted in the plaintiff's arrest on June 29, 2009. They contend plaintiff's claims against them should be dismissed due to insufficient service of process, because his claims are barred by the statute of limitations and, since plaintiff failed to specifically name them in his Second Amended Complaint (he named John Doe[s] 1, 2, and 3), because plaintiff has failed to state a claim against them.[2]

The magistrate judge concluded that, while plaintiff had not properly served defendants Munson, Rea, Storm and Morton, because it was possible he could properly effect service on them, he should be allowed additional time to attempt to do so. He recommended that plaintiff be granted sixty days within which to re-serve the police officers.

Insofar as defendants seek the dismissal of plaintiff's claims on the basis of the statute of limitations, the magistrate judge rejected their argument, but without prejudice to its being reurged upon their being properly served. He found that they had failed to provide "sufficient factual or legal support to permit the motion to be granted." Doc. #221, p. 16.

Finally, the magistrate judge concluded that, because plaintiff had been allowed to amend his complaint and specifically name Munson, Rea, Storm and Morton as defendants

---

[2]*The magistrate judge noted that defendants' request in their motion that plaintiff's claims against them be stayed and that they be relieved from any obligation to respond to the Second Amended Complaint was moot as the court ordered such a stay on November 5, 2013. See Doc. #185.*

2

and include allegations against them, he had stated a claim against the defendants.

Objections were filed by plaintiff and all four defendants. Plaintiff does not challenge any of the magistrate judge's determinations. Defendants claim he erred by recommending that plaintiff be given more time to cure the service defect and by not concluding plaintiff's claims against them are time-barred.

Having conducted a *de novo* review of defendants' objections, the court finds no error in the magistrate judge's analysis and conclusions. Initially, it agrees plaintiff should be allowed an additional sixty days within which to attempt to effect service on defendants. As for their statute of limitations defense, while the city police officers may be correct that plaintiff's claims against them do not relate back and thus are untimely, or are untimely even if relation back applies to plaintiff's prior case, they had the opportunity to present those arguments to the magistrate judge in their reply brief, but failed to do so. The court will not consider them now. *See* United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").[3] If defendants are properly served, they may reassert their limitations defense.

Accordingly, the court adopts Magistrate Judge Goodwin's Report and Recommendation. The motion for relief from responding to the complaint and alternatively to dismiss [Doc. #149] filed by defendants Munson, Rea, Morton and Storm is moot to the

---

[3]*No compelling basis for review of their arguments at this time has been shown.*

extent it seeks to have the claims against them stayed.  To the extent defendants seeks to have the claims against them dismissed, the motion is denied.  The attempted service of process upon defendants Munson, Rea, Storm and Morton is quashed and plaintiff is granted sixty days from the filing date of this order within which to serve these defendants.

**IT IS SO ORDERED**.

Dated this 29th day of December, 2014.

JOE HEATON
UNITED STATES DISTRICT JUDGE