# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DALE E. HARPER, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No. CIV-11-996-HE |
| WOODWARD COUNTY BOARD OF COUNTY COMMISSIONERS et al., | ) ) ) ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Dale E. Harper, a state prisoner appearing pro se, brings this action under 42 U.S.C. § 1983. United States District Judge Joe Heaton has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b). The matter is now before the court on Plaintiff's "Petition for Writ of Mandamus" (Doc. No. 211).

### BACKGROUND

On June 30, 2014, Plaintiff filed a document titled "Petition for Writ of Mandamus" (Doc. No. 211). In "Part A" of the Petition, Plaintiff states that in early June 2014 he was transferred to the Oklahoma State Penitentiary ("OSP") in McAlester, Oklahoma, but that he has not received his legal documents or access to certain legal resources and supplies, despite "several" or "repeated[]" requests. *See* Pl.'s Pet. for Mandamus, Doc. No. 211, at 1. Plaintiff further states that the inaccessibility of these documents and resources has contributed to a two-month postponement of the resolution of Plaintiff's "motions to [q]uash the 3 pending felony cases" against him in the District

Court of Woodward County, Oklahoma. *See id.* Plaintiff thus seeks an order that the Oklahoma Department of Corrections ("ODOC"), a state agency that is not a party in this matter, provide Plaintiff with his legal documents and with access to legal resources. *See id.*

In "Part B," Plaintiff states that, in this civil action, he is suing state-court-appointed criminal defense attorneys from the Oklahoma Indigent Defense System ("OIDS") who have represented him in his ongoing state criminal proceedings in Woodward County—T. Keith Wilson, Newell E. Wright, and Cynthia Viol—and further asserts that he "is suing OIDS as a whole organization." *Id.* at 2. Plaintiff notes that his federal claims that relate to those state proceedings have been stayed in this civil action based on the Court's abstention under *Younger v. Harris*, 401 U.S. 37 (1971). *See id.* at 2-3; *see also* Order, Doc. No. 73, at 2-3, 4; *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (noting that under *Younger*, federal courts avoid "interference with pending state judicial proceedings absent extraordinary circumstances").

Plaintiff asserts that a Woodward County District Court judge "relieved Cynthia Viol of her representation of the Plaintiff, then immediately reappointed OIDS" to represent Plaintiff in his ongoing state criminal proceedings. Pl.'s Pet. for Mandamus at 2. Plaintiff suggests that the appointment of another attorney through OIDS could compromise Plaintiff's ability to receive "effective assistance of competent counsel" in those proceedings. *See id.* at 2-3. Plaintiff thus seeks an order for the Woodward County

District Court—an entity that is not a party to this lawsuit—to "appoint counsel without a conflict of interest" in Plaintiff's criminal proceedings in that court.[1] *Id.* at 1-2.

In the intervening months, although Plaintiff has filed multiple documents with the Court, he has not again raised the above issues in a motion in this matter.

ANALYSIS

To the extent that Plaintiff's "Petition for Writ of Mandamus" (Doc. No. 211) seeks a writ of mandamus from this *federal* Court to compel a *state* entity or official to perform a duty owed to Plaintiff, the Court lacks jurisdiction to grant such a writ and should deny Plaintiff's request accordingly. *See* 28 U.S.C. § 1361; *Harper v. Patton*, No. CIV-14-563-HE, 2014 WL 4967132, at *1 (W.D. Okla. Oct. 2, 2014) (citing *Adkins v. Kan. Comm'n on Judicial Qualifications*, 510 F. App'x 700 (10th Cir. 2013)).

Liberally construed, Plaintiff may be seeking preliminary injunctive relief against nonparties to this lawsuit. Nevertheless, Plaintiff has failed to establish that he is entitled to such relief, and his requests should therefore be denied.

Preliminary injunctive relief is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). As an initial matter, for preliminary injunctive relief to be binding against a nonparty, the plaintiff must show that

---

[1] The public docket sheets in Plaintiff's state court criminal proceedings reflect that new counsel—Albert J. Hoch Jr., who is not a defendant in Plaintiff's civil action in this Court—has now been appointed to represent Plaintiff. *See State v. Harper*, No. CF-2009-198 (Woodward Cnty. Dist. Ct. filed June 29, 2009); *State v. Harper*, No. CF-2009-376 (Woodward Cnty. Dist. Ct. filed Nov. 30, 2009); *State v. Harper*, No. CF-2010-100 (Woodward Cnty. Dist. Ct. filed Mar. 23, 2010).

3

the nonparty is "in active concert or participation with" a party or the party's officers, agents, servants, employees, or attorneys. *See* Fed. R. Civ. P. 65(d); *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969). Here, however, Plaintiff presents no factual allegations to establish that ODOC or Woodward County District Court (or appropriate officials associated with those entities)—i.e., the nonparties against which Plaintiff seeks preliminary injunctions—are engaged in the requisite active concert or participation. *See* Pl.'s Pet. for Mandamus at 1-3. Thus, Plaintiff has not established that he is entitled to preliminary injunctive relief against these nonparties.

Moreover, a plaintiff seeking preliminary injunctive relief must establish, among other factors, "that he is likely to suffer irreparable harm in the absence of preliminary relief."[2] *Winter*, 555 U.S. at 20. To meet the "irreparable harm" requirement, the plaintiff must establish that an injury is both imminent and not theoretical. *See Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003). Such an injury must be beyond "merely serious or substantial" and, generally, one for which an adequate monetary remedy is unavailable. *See id.*; *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001).

---

[2] "[C]ourts have consistently noted that [b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (second alteration in original) (internal quotation marks omitted). Other factors a plaintiff must establish include "that he is likely to succeed on the merits," "that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20; *see also Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).

Plaintiff does not allege sufficient facts to infer, much less present evidence to establish, that he will suffer irreparable harm absent an injunction. Plaintiff summarily attributes a two-month postponement of the state court's resolution of Plaintiff's "motions to [q]uash the 3 pending felony cases" to Plaintiff's alleged inability to access legal materials and resources, as well as to issues with conflicted counsel. *See* Pl.'s Pet. for Mandamus at 1. Plaintiff does not, however, establish that this delay is beyond merely serious or substantial, as required to show irreparable harm. *See id.*; *Heideman*, 348 F.3d at 1189. Further, as Plaintiff offers no indication that he has exhausted all or any available means in state court to address the issue, Plaintiff's suggestion that he will be unable to receive the effective assistance of counsel in his state criminal proceedings absent an intervention by this Court is theoretical and, thus, insufficient to establish that Plaintiff faces the requisite irreparable harm. *See* Pl.'s Pet. for Mandamus at 2-3; *Heideman*, 348 F.3d at 1189; *cf. Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995) (noting that federal court may interfere in state criminal prosecution when extraordinary circumstance threatens irreparable injury); *Capps v. Sullivan*, 13 F.3d 350, 352-53 (10th Cir. 1993) (recognizing that federal court generally will not preclude state criminal proceeding in the habeas context absent irreparable constitutional injury).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's "Petition for Writ of Mandamus" (Doc. No. 211) be denied.

NOTICE OF RIGHT TO OBJECT

The parties are advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by February 20, 2015, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The parties are further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral in the present case.

ENTERED this 30th day of January, 2015.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE