# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF OKLAHOMA

DALE E. HARPER, )
 )
       Plaintiff, )
vs. ) Case No. CIV-11-0996-HE
 )
WOODWARD COUNTY BOARD )
OF COUNTY COMMISSIONERS, *et al.* )
 )
       Defendants. )

## ORDER

Plaintiff Dale E. Harper, a state prisoner appearing *pro se* and *in forma pauperis*, filed this § 1983 action against multiple defendants, alleging violations of his constitutional rights. Plaintiff's claims are principally based on actions officials in Woodward County, Oklahoma allegedly took in connection with his arrest, detention and prosecution for violating various state criminal statutes. By order entered on September 27, 2012, the court dismissed some of plaintiff's claims with prejudice, dismissed others without prejudice and stayed others pursuant to the Younger[1] abstention doctrine. Doc. #73. By subsequent order entered on December 29, 2014, the court resolved other claims that had not previously been stayed, staying some, dismissing some and denying summary judgment as to others. Doc. #257. Magistrate Judge Charles B. Goodwin, to whom the matter has been referred for initial proceedings consistent with 28 U.S.C. §636(b), has issued a Report and Recommendation addressing whether the stay of certain claims should be lifted and whether certain claims should be dismissed in accordance with the required screening process. *See* 28 U.S.C.

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

§§1915A(a), 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1).[2]

The magistrate judge initially recommends that the court lift the stays previously imposed under Younger, noting that plaintiff filed a notice and other documents on May 28, 2015, reflecting that he has entered *nolo contendere* pleas to the criminal charges that had been pending against him in Woodward County District Court, except for one charge that was dismissed. Because plaintiff did not seek to withdraw his pleas or pursue any appeal of the convictions, they have become final under Oklahoma law. He also has been released from state custody and is currently on probation. Doc. #296, p. 6 n.6. The court agrees that the stays should be lifted.

The magistrate judge recommended that plaintiff's claims in Count VIII against defendants Kim Crouch and Kenny Roberts be dismissed without prejudice for failure to state a claim upon which relief may be granted. He concluded that plaintiff did not allege sufficient facts to plausibly show that either defendant, both private parties, engaged in conduct that was fairly attributable to the state, as required to state a claim under § 1983.

The magistrate judge recommended that plaintiff's claims in Counts X, XI, XII, XXII and XXIX against defendants T. Keith Wilson, Newelle E. Wright and Cynthia Viol, who were appointed to represent him in the criminal proceedings in Woodward County District Court, be dismissed without prejudice for failure to state a claim. He determined that the attorneys, when they were performing the various actions which plaintiff challenged, were

---

[2]*Plaintiff was granted leave to file a limited motion to amend. See Doc. #257, p. 8. The magistrate judge denied the motion. Doc. #292.*

2

not acting under color of state law.[3] The magistrate judge concluded that "[r]egardless of whether a criminal defense attorney is privately retained or court appointed and paid by the state, he or she 'does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" Doc. #296 (quoting Poke Cnty. v. Dodson, 454 U.S. 312, 318 & n.7, 321-25 (1981)).[4]

The magistrate judge recommended that plaintiff's Fourth Amendment claim in Count XV against defendant Deputy Cody be dismissed without prejudice for failure to state a claim. He concluded plaintiff's claim that the deputy, in his individual capacity, violated his right to be free from unreasonable seizures failed because of the lack of factual allegations showing that defendant Cody caused his arrest.[5]

The magistrate judge recommended that plaintiff's claims in Counts XVI, XVII, XVIII and XIX against defendants Kim Crouch, Kenny Roberts, Mike Harper, Troy White and Vicki Cook be dismissed with prejudice as time-barred. He concluded that it is evident from the face of the second amended complaint that they are untimely under the two year

---

[3]*The magistrate judge did not accept as true plaintiff's allegations that defendants Wilson, Wright and Viol had conspired and engaged in other similar actions, because those allegations were conclusory and not supported by well-pleaded facts.*

[4]*While Count XX was not specifically directed against defendants Wilson, Wright and Viol, the magistrate judge determined that, to the extent plaintiff intended to assert a claim in that count against them, it should be dismissed for failure to state a claim. He concluded plaintiff had failed either to identify the legal basis for his claim or present a sufficient factual basis for it.*

[5]*The magistrate judge addresses plaintiff's other claims against defendant Cody (his equal protection and official capacity claims) elsewhere.*

3

limitations period applicable to § 1983 claims and that any tolling to which plaintiff might be entitled would not cure the claims' untimeliness.

The magistrate judge recommended that plaintiff's equal protection claims stated in Counts I, II, III, IV, VII or XV be dismissed without prejudice for failure to state a claim. He concluded that plaintiff had failed to allege factual allegations that showed disparate treatment among similarly situated persons, an impermissible burden upon a fundamental interest or the targeting of a suspect class, which is required to state an equal protection claim.

Noting that plaintiff had not specified in his second amended complaint the capacity in which he is suing the defendants – individual, official or both – the magistrate judge proceeded to consider whether plaintiff had stated an official capacity claim under § 1983 in Counts I, II, III, IV, VII or XV. He concluded that plaintiff had not, because he had failed to identify an official policy or custom, which is required to establish municipal liability under § 1983. The magistrate judge therefore recommended that any official capacity claims in Counts I, II, III, IV, VII or XV be dismissed without prejudice for failure to state a claim.

The magistrate judge also concluded that plaintiff had failed to state a claim against the Board of County Commissioners in his second amended complaint and the Board should be dismissed from the action. He noted that the court had previously determined that plaintiff had not sued the Board members, individually, Doc. #257, and he had concluded that plaintiff had failed to state official capacity claims under § 1983 against the Board or any other defendant who is in effect the County when sued.

Objections to the Report and Recommendation were filed by defendants Stanley, Thompson, Brewer and Routh, and defendants Munson, Rea, Morton and Storm. Rather than challenge findings or conclusions that the magistrate judge actually made, these defendants assert that the magistrate judge did not go quite far enough in exercising his screening obligations. Defendants Stanley, Thompson, Brewer and Routh contend that the magistrate judge should have recommended the dismissal of Count II as to defendants Stanley, Mitchell and Adams, and the dismissal of Count III as to defendant Adams. Defendants Munson, Rea, Morton and Storm argue that the magistrate judge should have recommended the dismissal of plaintiff's unreasonable seizure claim alleged in Count IV.

Defendants will have the opportunity to raise these issues in motions to dismiss or for summary judgment. They will be considered if asserted at the appropriate time. As for plaintiff Harper and the remaining defendants, they failed to object to the well-reasoned, thorough Report and Recommendation and thereby waived their right to appellate review of the factual and legal issues it addressed. United States v. One Parcel of Real Property, 73 F.3d 1057, 1059-60 (10th Cir. 1996). *See* 28 U.S.C. §636(b)(1)(C).

The court agrees with Magistrate Judge Goodwin's analysis of plaintiff's claims and **ADOPTS** his Report and Recommendation. Accordingly, the stays as to all claims are lifted. The following claims in the second amended complaint are dismissed without prejudice: any individual-capacity claims against defendants Roberts and Crouch in Count VIII; any individual-capacity claims against defendants Wilson, Wright, and Viol in Counts X, XI, XII, XX, XXII, and XXIV; any individual-capacity claims against defendant Cody in Count XV;

any individual-capacity claims against any defendant for an equal protection violation in Counts I, II, III, IV, VII, and XV; and any official-capacity claim against any defendant in Counts I, II, III, IV, VII, and XV. The claims asserted against defendants Crouch, Roberts, Harper, White, and Cook in Counts XVI, XVII, XVIII, and XIX are dismissed with prejudice because such claims are time-barred. Defendant Board of County Commissioners are dismissed from the action.

Plaintiff's remaining claims are: (1) various individual-capacity claims in Count II, except for equal protection claims, against defendants Stanley, Mitchell, and Adams; (2) an individual-capacity claim in Count III against defendant Adams for unreasonable seizure; (3) individual-capacity claims in Count IV against defendants Munson, Rea, Morton, and Storm for unreasonable seizure; (4) an individual-capacity claim in Count V against defendant Thompson for deliberate indifference to a serious medical need; (5) an individual-capacity claim in Count VII against defendant Brewer for excessive force; (6) an individual-capacity claim in Count VII against defendant Routh for failure to intervene; and (7) an individual-capacity claim in Count XXI against defendant Stanley for deliberate indifference to inmate health and safety.

**IT IS SO ORDERED**.

Dated this 24th day of September, 2015.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE