IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DALE HARPER, )
)
    Plaintiff, )
)
v. ) Case No. CIV-11-996-HE
)
WOODWARD COUNTY BOARD )
OF COUNTY COMMISSIONERS, et al., )
)
    Defendants. )

**REPORT AND RECOMMENDATION ON DEFENDANT STANLEY'S
PARTIAL MOTION TO DISMISS [DOC. NO. 304]**

In this action brought by Plaintiff pursuant to 42 U.S.C. § 1983, currently pending before the Court is Defendant Stanley's Partial Motion to Dismiss and Brief in Support [Doc. No. 304]. Defendant has filed an Objection [Doc. No. 317]. The matter has been referred by Chief United States District Judge Joe Heaton for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that Defendant Stanley's Motion be granted and the claims raised in Count II of the Second Amended Complaint be dismissed for failure to state a claim upon which relief may be granted. It is further recommended that pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's claims in Count II be dismissed against Defendants Mitchell and Adams for failure to state a claim upon which relief may be granted.[1]

**I.**    **Relevant Procedural History**

Plaintiff's claims in this action brought pursuant to 42 U.S.C. § 1983 are governed by his Second Amended Complaint [Doc. No. 50]. As detailed in the most recent Report and

---

[1] Section 1915 is applicable to Plaintiff as he is proceeding in forma pauperis in this action. *See* Order [Doc. No. 12]. Dismissal is also proper pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 42 U.S.C. § 1997e(c).

Recommendation [Doc. No. 296] filed on July 31, 2015 and adopted by Order [Doc. No. 303] filed September 24, 2015, the following individual capacity claims raised in Plaintiff's Second Amended Complaint remain pending in this action:

| | |
|---|---|
| Count II: | First Amendment and Fourteenth Amendment Due Process Claims against Defendants Stanley, Mitchell and Adams; |
| Count III: | Fourth Amendment unreasonable seizure claim against Defendant Adams; |
| Count IV: | Fourth Amendment unreasonable seizure claim against Defendants Munson, Rea, Morton, and Storm; |
| Count V: | Eighth Amendment deliberate indifference to medical needs claim against Defendant Thompson; |
| Count VII: | Excessive force claim against Defendant Brewer; |
| Count VII: | Failure to intervene claim against Defendant Routh; and |
| Count XXI: | Deliberate indifference to inmate health and safety claim against Defendant Stanley. |

*See* Order [Doc. No. 303].[2]

As set forth in the Report and Recommendation and Order, the Court lifted a previously entered stay as to claims raised in Counts II, III, IV and VII.[3] In response, Defendant Stanley has

---

[2] As reflected in the District Court's Order, only individual capacity claims remain and all official capacity claims have been previously dismissed. *See id.*

[3] The stay was entered pursuant to multiple Orders on grounds of *Younger* abstention. *See* Order [Doc. No. 73] (filed September 27, 2012 and staying claims including claims raised in Counts II and III); Order [Doc. No. 185] (filed November 15, 2013 and staying claims raised in Count IV against Defendants Munson, Rea, Morton and Storm; and Order [Doc. No. 257] (filed December 29, 2014 and staying claims raised in Count VII against Defendants Brewer and Routh).
   The claim against Defendant Thompson raised in Count V and the claim against Defendant Stanley raised in Count XXI were not stayed. The Court has denied *without prejudice* dispositive motions filed by Defendants Thompson and Stanley as to these claims. *See* Order [Doc. No. 257] filed December 29, 2014. The Court has also denied *without prejudice* dispositive motions filed by Defendants Routh and Brewer. *See id.*

2

simultaneously filed an Answer [Doc. No. 305] and the pending motion seeking dismissal of Count II of the Second Amended Complaint.[4]

Defendants Thompson, Routh, Brewer, Munson and Rea have also filed Answers [Doc. Nos. 306-310, respectively]. Defendants Storm and Morton have filed a Special Appearance and Motion to Dismiss [Doc. No. 311] pursuant to Fed. R. Civ. P. 12(b)(5), challenging the sufficiency of service of process. The Court addresses that motion by separate Report and Recommendation.

Two remaining Defendants, Mitchell and Adams, have never been served. But Plaintiff's claims in Count II of the Second Amended Complaint are based on the same allegations as the claim against Defendant Stanley. Based on the reasons set forth herein, Plaintiff's claims in Count II should also be dismissed against Defendants Mitchell and Adams.[5]

## II. Governing Standard

The standard governing the Court's review of a complaint under § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(6) is the same. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). To withstand dismissal, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim that is plausible on

---

[4] Defendant Stanley does not move for dismissal of the claim brought against him in Count XXI of the Second Amended Complaint. He states that claim has previously been addressed in a Motion to Dismiss/Motion for Summary Judgment. *See* Motion at p. 1, n. 1.

[5] Plaintiff does not bring any other claims against Defendant Mitchell. However, Plaintiff brings an additional claim against Defendant Adams in Count III of the Second Amended Complaint. Contemporaneously with the filing of this Report and Recommendation, the Court has issued a show-cause order to Plaintiff to demonstrate why Defendant Adams should not be dismissed based on Plaintiff's failure to effect timely service.

its face.")). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). Pleadings that do not allow for at least a "reasonable inference" of the legally relevant facts are insufficient. *Id*. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

Because Plaintiff is proceeding pro se, his complaint must be construed liberally. *Kay*, 500 F.3d at 1218. However, the generous construction given to a pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997). Additionally, Plaintiff's pro se status does not relieve him of the duty to comply with the Federal Rules of Civil Procedure. *See Yang v. Archuleta,* 525 F.3d 925, 927 n. 1 (10th Cir. 2008); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

### III. Defendant Stanley's Partial Motion to Dismiss

Defendant Stanley moves for dismissal of the claims raised in Count II of the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).[6] Plaintiff alleges the following with respect to Count II:

---

[6] "Normally a motion to dismiss for failure to state a claim upon which relief can be granted should be made prior to filing the answer or in the answer itself." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) (*citing* Fed. R. Civ. P. 12(b)(6). "If the defendant makes the motion after filing the answer, the motion should generally be treated as a motion for judgment on the pleadings." *Id*. (*citing* Fed. R. Civ. P. 12(c), (h)(2) (additional citations

> Gary Stanley violated my 1st and 14 Amendments, by not gathering, or dispensing of exculpatory evidence, to prevent my due process and meaningful access to the Courts rights. The Sheriff dept. for Woodward County, will arrest me for self-defense, and for other peoples [sic] law violations, on the slightest of evidence, and the most blatant of lies, to violate my equal protection of the law rights, with reckless and deliberate indifference.

*See* Second Amended Complaint at p. 7.[7] The Court previously dismissed Plaintiff's equal protection claims. *See* Order [Doc. No. 303] at pp. 4, 5-6.

As factual support for the claims raised in Count II, Plaintiff alleges that on June 28, 2009, Defendant Stanley "intentionally did a substandard investigation, and either ordered Kevin Mitchell, and Joe Adams to refuse to gather exculpatory evidence, or to dispose of it." *See* Complaint at p. 7. Plaintiff further alleges that Defendant Adams told the United States Marshal Service that "the shooting was being investigated as an accident." *Id*. He alleges that he was "bound over for trial" with no evidence to "corroborate the charges." *Id*. He also alleges that the victim was "coached into committing perjury." *Id*.

In May 2015, Plaintiff entered a nolo contendere plea on the charges brought against him in the District Court of Woodward County, State of Oklahoma. *See* Declaration [Doc. No. 287]; *see also* Notice of No Contest Plea [Doc. No. 289]. These charges form the basis of the claims alleged in Count II of the Second Amended Complaint. Specifically, Plaintiff entered the plea on the following charges: (1) Assault and Battery with a Deadly Weapon (Case No. CF-2009-198); (2) Assault and Battery on a Police Officer (Case No. CF-2009-376); and (3) Assault and Battery on a Police Officer (Case No. CF-2010-100), all after two prior felony convictions. *See*

---

omitted)). Because Defendant Stanley simultaneously filed a motion to dismiss and answer, the Court finds that the motion should be governed by Fed. R. Civ. P. 12(b)(6). Moreover, the court uses "the same standard when evaluating 12(b)(6) and 12(c) motions." *Id*. Thus characterization of the motion would not change the Court's analysis.

[7] Citations to Plaintiff's Second Amended Complaint refer to the Court's Electronic Case Filing pagination.

Plea of No Contest Summary of Facts [Doc. No. 287-1]. In each case, Plaintiff was sentenced to a term of twenty years imprisonment, all but the first six years suspended and each sentence was ordered to run concurrently with the other. *See* Judgments and Sentences [Doc. No. 287-2]. Plaintiff was also given credit for time served. *See id*. As a result, in June 2015, Plaintiff was released from custody. *See* Pro Se Notice of Change of Address [Doc. No. 297]; *see also* Report and Recommendation [Doc. No. 296] at pp. 5-6 (reciting procedural history and facts related to pleas).

Defendant Stanley seeks dismissal of the due process claim raised in Count II on three grounds: (1) the claim is time-barred by the applicable two-year limitations period governing § 1983 claims; (2) the claim is barred as a result of Plaintiff's nolo contendere plea; and (3) an inadequate police investigation does not give rise to any due process violation. Defendant Stanley also seeks dismissal of the First Amendment claim raised in Count II of the Second Amended Complaint. He contends that Plaintiff fails to support this claim with any specific factual allegations.

In his response, Plaintiff does not directly address any of the issues raised by Defendant Stanley's motion. Instead, Plaintiff claims that he "was never charged w/felon in charge of a firearm." *See* Objection [Doc. No. 317] at p. 1.[8] He further claims that Defendant Stanley worked in conjunction with "various OIDS employees" and forced Plaintiff to enter his nolo contendere pleas. *Id*. at p. 2. He also references Defendant Stanley's alleged policy of use of excessive force, deliberate indifference to medical needs and improper responses to grievances.

---

[8] It is not clear how Plaintiff contends a failure to charge him with being a felon in possession of a firearm supports the due process claim raised in Count II. The record demonstrates Plaintiff was charged with other felonies involving possession and/or use of a firearm.

*Id*. at p. 2. The Court does not consider any of these allegations that are distinct from the claims raised in the Second Amended Complaint. Moreover, Plaintiff has not demonstrated that he has sought to withdraw his nolo contendere pleas or otherwise appealed the convictions entered in the state court.

For the reasons discussed below, the Court finds Plaintiff's nolo contendere plea bars the due process claim raised in Count II. Therefore, the Court need not address the alternative bases upon which Defendant Stanley seeks dismissal.[9] The Court further finds Plaintiff's claim premised on a violation of his First Amendment rights should be dismissed. The claim is wholly conclusory and otherwise fails to state a claim upon which § 1983 relief may be granted. For these same reasons, the claims should be dismissed against Defendants Adams and Mitchell.

A. **Due Process Violation**

Plaintiff's due process claim is premised on allegations that police failed to disclose and/or withheld exculpatory evidence; police knew Plaintiff acted in self-defense or, alternatively, no evidence corroborated that Plaintiff fired a gun at the victim; and that the victim

---

[9] Other Defendants (Munson, Rea, Morton and Storm) have previously moved for dismissal of claims arising from Plaintiff's arrest on June 29, 2009 as time-barred. In a Report and Recommendation [Doc. No. 221] the Court found the issue of timeliness could not be resolved referencing, in part, a previously dismissed action filed by Plaintiff that may give rise to application of rules governing relation back of pleadings and/or tolling principles. *See id*. at pp. 15-17; *see also* Order [Doc. No. 258] (adopting Report and Recommendation). Also, in an objection to a later Report and Recommendation, *see* Objection [Doc. No. 300], these same Defendants challenged the Court's screening of the Second Amended Complaint, claiming the Court should have dismissed claims arising from the June 29, 2009 arrest as time-barred. But the Court found the issues could be addressed in subsequently filed dispositive motions. *See* Order [Doc. No. 303] at p. 5.

Defendant Stanley (represented by different counsel) makes no reference to these prior rulings and like the other Defendants, submits a "minimal argument" in support of the limitations defense. *See* Report and Recommendation [Doc. No. 221] at p. 16 (declining to grant dismissal on statute of limitations grounds because Defendants did "not provide sufficient factual or legal support to permit the motion to be granted").

was coached by police to give perjured testimony. Based on the foregoing, Plaintiff claims that no probable cause supported his arrest and he did not commit the charged offenses.

### 1. Preclusive Effect of Plaintiff's Nolo Contendere Plea

In a § 1983 case, the preclusive effect of a plea "is to be determined case-by-case under state law." *Klen v. City of Loveland, Colo.*, 661 F.3d 498, 516 (10th Cir. 2011). The Tenth Circuit has addressed the preclusive effect of a nolo contendere plea under Oklahoma law. *See Jackson v. Loftis*, 189 F. App'x 775, 779-80 (10th Cir. 2006).[10] "In Oklahoma, a nolo contendere plea has the same legal effect as a guilty plea." *Id*. at 779 (internal quotations and citations omitted). A nolo contendere plea "admits the validity of the charges" and "precludes a later assertion of factual innocence." *Id*. (internal quotations and citations omitted).

In *Loftis*, a § 1983 plaintiff alleged that a police officer arrested him on false charges as a pretext for racial profiling. The plaintiff was convicted of the charges pursuant to a nolo contendere plea. The court determined that based on Oklahoma law, the plea had a preclusive effect on the plaintiff's § 1983 claims and constituted a "patent legal deficiency evident from the pleadings[.]" *Id*. As the court found, the plaintiff could not bring a § 1983 claim to "challenge the existence of probable cause for, and hence the validity of, his arrest on charges he conclusively admitted were valid." *Id*.

Plaintiff's allegations are similar to those at issue in *Loftis*. Plaintiff essentially alleges that "*he did not commit the charged offenses* – a claim that is directly repudiated by a plea admitting the validity of those offenses." *Loftis*, 189 F. App'x at 780 n. 3 (emphasis in original); *see also Chammat v. Fallis*, No. 13-CV-206-JED, 2014 WL 916749 at *2 (N.D. Okla. Mar. 10,

---

[10] *Loftis* is an unpublished decision. The Court relies upon *Loftis* as persuasive under the circumstances of this case. *See* 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").

2014) (unpublished op.) (dismissing § 1983 plaintiff's false arrest claim based on subsequent nolo contendere plea because under Oklahoma law, the plaintiff was estopped from disputing the validity of the charges as a basis to deny the existence of probable cause). The Court finds, therefore, that the nolo contender plea bars Plaintiff from pursuing a § 1983 claim for violations of his due process rights based on the conduct alleged in Count II of the Second Amended Complaint.

2. *Heck* **Bar**

It appears Plaintiff's due process claim in Count II may also be barred by the principle established in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, a claim for monetary damages under § 1983 cannot be maintained if granting such relief "would necessarily imply the invalidity of [a prisoner's] conviction or sentence" and the prisoner has not demonstrated "that the conviction or sentence has already been invalidated." *Id*. at 487. The court recognized in *Loftis* that not all false arrest claims imply the invalidity of a conviction or sentence but that where, as here, the plaintiff claimed he had not committed the alleged offenses "this may be the exceptional false arrest case that satisfies the 'necessarily called into doubt' condition for invoking *Heck*." *See Loftis,* 189 F. App'x at 779 n. 1. Because Plaintiff's claim is premised on analogous facts, the condition for application of *Heck* is satisfied.

Also, the fact Plaintiff is no longer in custody would not appear to preclude *Heck's* application. *See, e.g. Cohen v. Longshore*, 621 F.3d 1311, 1315 (10th Cir. 2010) (recognizing that "[t]he circuits have split on the question of whether the *Heck* favorable-termination requirement applies when the plaintiff lacks an available habeas remedy" but concluding that "a petitioner who has no available remedy in habeas, through no lack of diligence on his part, is not barred by *Heck* from pursuant a § 1983 claim"). As subsequent courts have found, Plaintiff has

available state post-conviction remedies to challenge the validity of his convictions and sentences and, therefore, the fact he is no longer in custody is not determinative. *See, e.g., McFadden v. City of Midwest City*, No. CIV-12-1419-HE, 2014 WL 798013 at *2 (W.D. Okla. Feb. 27, 2014) (unpublished op.). Such a result is consistent with *Heck's* purpose, affording the state an opportunity to cure any constitutional violations in the first instance. *Id*. at *3. Thus, *Heck* provides an alternative ground for dismissal of the due process claim raised in Count II of the Second Amended Complaint.[11]

B.   **First Amendment Violation**

Plaintiff also references the First Amendment as a basis for the imposition of § 1983 liability. He claims that Defendant Stanley's conduct in allegedly failing to gather or alternatively, disposing of exculpatory evidence, deprived him of his right of access to the courts.[12] At the time Plaintiff filed his Complaint, the state court criminal proceedings were ongoing. Therefore, the Court construes Plaintiff's access to courts claim as a forward-looking claim. *See, e.g., Walker v. Hickenlooper*, 627 F. App'x 710, 719 and n. 9 (10th Cir. 2015) (describing both "forward-looking" and "backward-looking" access to courts claims).

---

[11] The previously assigned Magistrate Judge considered, but declined to decide, the *Heck* issue. *See* Report and Recommendation [Doc. No. 296] at pp. 6-7. The Magistrate Judge found – in the context of an initial review of the previously stayed claims – that "[s]ubsequent factual development or argument from the parties, when appropriate, may aid the Court in making a definitive determination as to this issue . . . ." *See id*. at p. 7. The Court limits its current analysis of *Heck* to the due process claim raised in Count II of the Second Amended Complaint because only that claim is the subject of Defendant Stanley's Partial Motion to Dismiss.

[12] The right of access to the courts is grounded in both the First and Fourteenth Amendments. *See, e.g., Davis v. Ark. Valley Corr. Facility*, 99 F. App'x 838, 841 n. 6 (10th Cir. 2004) (*citing Hudson v. Palmer*, 468 U.S. 517, 523 (1984) (right of access to courts grounded in First Amendment); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429–30 (1982) (due process clause protects right of access to courts)).

In both forward-looking and backward looking cases, "the right [of access to the courts] is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Therefore, "the underlying cause of action . . . is an element that must be described in the complaint . . . ." *Id*.

The Court agrees with Defendant Stanley that Plaintiff's access to courts claim is conclusory in nature. As best can be discerned, Plaintiff claims that the Defendants' alleged destruction and/or withholding of evidence prevented him from being able to defend against the criminal charges brought against him. But Plaintiff fails to support his claim with allegations demonstrating how and when he was denied access, who denied him access, and how this denial injured him. Indeed, this latter requirement is a prerequisite to Plaintiff stating a claim for relief. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). And, Plaintiff does not plead a short and plain statement of the underlying claim. *Compare Patterson v. Burge*, 328 F. Supp.2d 878, 898 (N.D. Ill. 2004) (dismissing access to courts claim based on allegations that defendants "obstruct[ed] the investigation and suppress[ed] evidence necessary for [the plaintiff] to vindicate his constitutional rights in court" because the plaintiff failed to explain "how this conduct denied him his right to seek judicial redress").

Moreover, for the same reasons set forth above, Plaintiff's nolo contendere plea and principles of *Heck* bar any claim arising from an alleged denial of access to courts. *Compare Maynard v. Casebolt*, No. 99-5211, 2000 WL 1005265 at *3 (10th Cir. Jul. 20, 2000) (unpublished op.) (prisoner's claim that defendants conspired to deprive him of records and transcripts necessary to appeal his conviction necessarily implies the invalidity of the conviction; "[b]ecause [the prisoner's] conviction has not yet been invalidated, this claim is not cognizable under § 1983 and was properly dismissed under *Heck*"); *Nance v. Vieregge*, 147 F.3d 589, 591

(7th Cir. 1998) (dismissing access to court's claim pursuant to *Heck* where plaintiff entered a guilty plea and claimed prison officials lost his legal papers necessary to support a motion to withdraw the plea: "although the prison's unconstitutional hindrance of [the plaintiff's] efforts to withdraw the plea (if that is what occurred) would be a good ground for a new hearing on the motion to set aside the plea, it would not establish that [the plaintiff] is entitled to damages for wrongful incarceration – not unless he went to trial and was acquitted, or the invalidity of his incarceration was established in some other fashion").[13] Accordingly, it is recommended that Plaintiff's access to courts claim be dismissed for failure to state a claim upon which § 1983 relief may be granted.

### C. Dismissal of Claims Raised in Count II Against Defendants Mitchell and Adams

For the reasons set forth above, Plaintiff necessarily has also failed to state a plausible claim for § 1983 relief in Count II of the Second Amended Complaint against Defendants Mitchell and Adams. The Court, therefore, recommends dismissal of Count II as to these Defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).[14]

### RECOMMENDATION

It is recommended that Defendant Stanley's Partial Motion to Dismiss [Doc. No. 304] be granted and the claims raised in Count II of the Second Amended Complaint be dismissed for

---

[13] Plaintiff's state court convictions are now final. Plaintiff has not alleged that he has challenged those convictions through direct appeal or in state post-conviction proceedings.

[14] The Court's authority to dismiss the claims brought against Defendants Adams and Mitchell is not affected by Plaintiff's release from custody. Section 1915 applies to non-prisoner suits. *See Salgado–Toribio v. Holder*, 713 F.3d 1267, 1270 (10th Cir. 2013) ("we apply section 1915(e)'s . . . standard to both prisoner and non-prisoner litigation"); *see also Lister v. Dept. of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Moreover, Plaintiff was incarcerated at the time he filed this suit and therefore, was a prisoner for purposes of § 1915A and § 1997e.

failure to state a claim upon which relief may be granted.  It is further recommended that the claims raised in Count II and brought against Defendants Adams and Mitchell be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed with the Clerk of the District Court by June 7, 2016.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation does not terminate the referral by the Chief District Judge in this matter.

ENTERED this 17th day of May, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE