IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DALE HARPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-11-996-HE |
| | ) | |
| WOODWARD COUNTY BOARD | ) | |
| OF COUNTY COMMISSIONERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION ON SPECIAL APPEARANCE AND
MOTION TO DISMISS OF DEFENDANTS STORM AND MORTON [DOC. NO. 311]**

Pending before the Court is the Special Appearance and Motion to Dismiss of Defendants Barrett Storm and Mike Morton [Doc. No. 311]. Defendant has filed an Objection [Doc. No. 317]. The matter has been referred by Chief United States District Judge Joe Heaton for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that Defendants' Motion be granted.

**I.    Factual Background / Relevant Procedural History**

Plaintiff's Second Amended Complaint [Doc. No. 50] filed February 10, 2012, as modified by a June 7, 2013 Order [Doc. No. 136], includes claims against Defendants Storm and Morton.[1] Plaintiff's claims against these and other defendants were stayed pursuant to the *Younger* abstention doctrine due to ongoing state court criminal proceedings.[2]

---

[1] Plaintiff had previously identified Defendants Storm and Morton as "John Doe" defendants and the Court allowed substitution of Defendants Storm and Morton for two of those John Doe defendants. *See* Report and Recommendation [Doc. No. 221] at pp. 1-4 (reciting procedural history).

[2] *See Younger v. Harris*, 401 U.S. 37 (1971).

Plaintiff first requested that summons be issued for Defendants Storm and Morton on June 7, 2013. *See* Pro Se Litigant's Request for Issuance of Summons [Doc. No. 137]. Notwithstanding the stay, the Court addressed a motion filed by Defendants Storm and Morton (and other defendants) challenging the sufficiency of Plaintiff's attempts at service of process. On December 29, 2014, the Court quashed the summons, finding that Plaintiff's attempted service of Defendants Storm and Morton was insufficient. But the Court granted Plaintiff an additional sixty days, or until February 27, 2015, to properly serve them. *See* Order [Doc. No. 258]. Plaintiff was also cautioned that failure to timely serve these Defendants could result in the dismissal of his claims against them. *See* Order [Doc. No. 264] at p. 2, ¶ 1(c).

Plaintiff then re-issued summons to Defendants Storm and Morton on or about January 29, 2015. *See* Pro Se Litigant's Request for Issuance of Summons [Doc. No. 266]. Plaintiff indicated on the Process Receipt and Return forms [Doc. Nos. 281, 282] that Defendants Storm and Morton were no longer employed as police officers for the City of Woodward, Oklahoma. He identified the addresses provided for service of process as the Defendants' respective home addresses. *See id*.

Because Plaintiff was proceeding in forma pauperis, the United States Marshal Service (USMS) attempted service on Plaintiff's behalf. *See* Fed. R. Civ. P. 4(c)(3); *see also* Order [Doc. No. 264] at p. 2, ¶ 1(b). The USMS filed an unexecuted return of service as to Defendant Morton on March 11, 2015. *See* Process Receipt and Return [Doc. No. 281]. The USMS filed an unexecuted return of service as to Defendant Storm on March 17, 2015. *See* Process Receipt and Return [Doc. No. 282]. Plaintiff makes no contention that Defendants Morton and Storm have been properly served.

In the fourteen months since that time, Plaintiff has not made any further attempts to obtain service on Defendants Storm and Morton. Significantly, nearly one year ago, in June 2015, Plaintiff was released from custody but despite the change in his status, he has not taken further steps to serve Defendants or ascertain their whereabouts.

On January 22, 2016, Plaintiff objected to the pending motion of Defendants Storm and Morton. *See* Objection to Motions [Doc. No. 317]. Plaintiff alleges that on September 6, 2015, he was in a car accident and suffered extensive injuries. *See id*. at p. 4. He states that he has since moved to Missouri. *See id*. He claims, without any supporting facts, that Defendant Storm has been "avoiding service of process" and further states that Defendant Storm currently lives at the same address as that previously provided. *See id*. at p. 5. As set forth, the USMS has not been successful in obtaining service at that address, as reflected on the Process Receipt and Return.[3]

In addition, Plaintiff states that he "cannot find Defendant Munson's address anywhere." *Id*. But the record reflects Defendant Munson has been served and has now filed an Answer [Doc. No. 309]. Plaintiff may be confusing the status of service on Defendant Munson with that

---

[3] When the USMS is unable to effect service with the information provided by a pro se plaintiff, the onus remains on the plaintiff to investigate and take reasonable steps to discover the whereabouts of the defendant to be served. *See, e.g., Nichols v. Schmidling*, No. 10-2086-JAR, 2012 WL 10350 at *2 (D. Kan. Jan. 3, 2012) (unpublished op.) (where attempted service by the USMS at residence of retired correctional officer was unsuccessful, plaintiff was required to submit sufficient information for service and allegation that he had "great difficulty" locating addresses was insufficient to establish good cause). And, as discussed, Plaintiff was released from custody nearly one year ago. "Although he proceeds in forma pauperis, it is neither the role nor the responsibility of the Court or the [USMS] to investigate the whereabouts or to locate parties to a lawsuit." *Franks v. Waite*, No. 04-3396-SAC, 2009 WL 640777 at *1 (D. Kan. Mar. 11, 2009) (unpublished op.) (dismissing defendants pursuant to Rule 4(m); both remaining defendants were no longer employed as correctional officers but plaintiff had failed to provide any information about either defendants current location and record demonstrated plaintiff's apparent release from custody).

of Defendant Morton. Plaintiff makes no allegations regarding further attempts to locate and/or serve Defendant Morton.

## II. Discussion

Under Fed. R. Civ. P. 4(m), Plaintiff has 120 days after filing a complaint to effect service of process.[4] A plaintiff is entitled to a mandatory extension of time if he shows good cause for the failure to effect timely service. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). If a plaintiff fails to show good cause, the court must consider whether a permissive extension of time is warranted, or whether to dismiss the case without prejudice. *Id.* Plaintiff's pro se status does not excuse him from compliance with the requirements of Rule 4(m). *See DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993); *see also In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996).

Plaintiff's conclusory statements concerning injuries he sustained in a car accident and Defendant Storm's evasive practices are insufficient to establish good cause. Plaintiff wholly fails to apprise the Court of any steps he has taken in furtherance of his service attempts. Plaintiff has not, therefore, demonstrated good cause exists for granting a mandatory extension of time. *Kirkland*, 86 F.3d at 176 ("The plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with the rule.").

Notwithstanding the absence of any good cause showing, the Court must also consider whether a permissive extension of time to complete service of process is warranted. With

---

[4] Recent amendments to Rule 4(m), effective December 1, 2015 and not applicable to this action, now limit the time period to effect service to ninety days. *See* Fed. R. Civ. P. 4(m); 28 U.S.C. § 2074.
.

respect to the circumstances of this action, two factors are relevant to this inquiry: (1) the statute of limitations; and (2) evasion of service. *Espinoza*, 52 F.3d at 841.

Plaintiff filed this action in September 2011 alleging violations of his constitutional rights prior to that time. The action has been pending well beyond the two-year limitations period governing his § 1983 claims. *See Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988) (statute of limitations for § 1983 claims arising in Oklahoma is two years). Plaintiff may be entitled to tolling of the limitations period but the Court cannot definitively determine the issue on the present record.[5]

Even if the statute of limitations may bar a subsequently filed action against these Defendants, that factor alone does not warrant a permissive extension. *See May v. Okla. Dep't of Corrs.*, No. 99–6267, 2000 WL 633244 (10th Cir. May 17, 2000) (unpublished op.) (*citing Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994)). As set forth above, Plaintiff fails to identify any additional steps he has taken to serve Defendants Morton and Storm.

Consideration must also be given to whether Defendant Storm has avoided service. *See Hendry v. Schneider*, 116 F.3d 446, 449 n. 2 (10th Cir. 1997) ("Evasion of service has been held

---

[5] Oklahoma's savings statute, Okla. Stat. tit. 12, § 100, may allow Plaintiff an additional year to re-file his claims. *See Grider v. USX Corp.*, 847 P.2d 779, 783 (Okla.1993) ( Okla. Stat. tit. 12 § 100 "applies to extend the limitations period regardless whether the dismissed suit was filed in state court or federal court sitting within the state of Oklahoma"); *Williams v. City of Guthrie, Okla.*, 109 F. App'x 283, 286 (10th Cir. 2004) (applying Oklahoma savings statute to § 1983 claim filed in federal court); *see also Eastom v. City of Tulsa*, 783 F.3d 1181, 1184 (10th Cir.2015) (recognizing Tenth Circuit's prior holdings that "the Oklahoma savings statute applies to § 1983 claims") (citations omitted). The Court notes that a prior motion to dismiss certain claims brought by Plaintiff as untimely was denied based on an insufficiently developed factual record and/or presentation of the issue by the moving defendants. *See* Report and Recommendation [Doc. No. 221] at pp. 15-17; *see also* Order [Doc. No. 258] (adopting Report and Recommendation). Additionally, the Court has rejected an objection to a Report and Recommendation challenging the timeliness of those same claims. *See* Objection [Doc. No. 300] and Order [Doc. No. 303] at p. 5.

to constitute 'good cause.'"). But as stated, Plaintiff's allegations of evasion are wholly conclusory and, therefore, insufficient to warrant a permissive extension.

## RECOMMENDATION

It is recommended that the Special Appearance and Motion to Dismiss of Defendants Mike Morton and Barrett Storm [Doc. No. 311] be granted and that Plaintiff's claims against these Defendants be dismissed without prejudice to refiling.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by June 7, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation does not terminate the referral by the Chief District Judge in this matter.

ENTERED this 17th day of May, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE