IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DALE HARPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-11-996-HE |
| | ) |
| WOODWARD COUNTY BOARD | ) |
| OF COUNTY COMMISSIONERS, et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION ON DISMISSAL OF
PLAINTIFF'S CLAIMS AGAINST DEFENDANT ADAMS**

Pursuant to the referral of this matter by Chief District Judge Joe Heaton and consistent with 28 U.S.C. § 636(b)(1)(B) and (C), on May 5, 2016, this Court entered an Order to Show Cause [Doc. No. 318] directing Plaintiff to show cause why his claims against Defendant Adams should not be dismissed without prejudice for failure to timely effect service of process. Pursuant to the Order to Show Cause, Plaintiff's response was due on or before June 7, 2016. On that same date, the Court sua sponte granted Plaintiff a thirty-day extension of time to respond, or until July 7, 2016. *See* Order [Doc. No. 326].[1] To date, Plaintiff has not responded to the Court's Order to Show Cause. For the reasons set forth below, it is recommended that Plaintiff's claims against Defendant Adams be dismissed without prejudice to refiling.

---

[1] The Court simultaneously extended Plaintiff's time to file objections to pending R&Rs. *See id.* at p. 2. Plaintiff then filed an Objection [Doc. No. 327] but did not respond to the Order to Show Cause. The Court has now provided one final extension of time within which Plaintiff may object to the R&Rs. *See* Order [Doc. No. 328].

**Discussion**

As set forth in the Court's Order to Show Cause, the 120-day time period to serve Defendant Adams expired long ago. *See* Fed. R. Civ. P. 4(m). [2] And, the record reflects that Plaintiff has never caused summons to issue as to this Defendant. Plaintiff's pro se status does not excuse him from compliance with the requirements of Rule 4(m). *See DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993); *see also In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996).

A plaintiff is entitled to a mandatory extension of the 120-day period if he shows good cause for the failure to effect timely service. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). By failing to respond to the Court's Order to Show Cause, Plaintiff has not shown good cause for any extension of the service deadline.

If a plaintiff fails to show good cause, the court must still consider whether a permissive extension of time is warranted, or whether to dismiss the case without prejudice. *Id*. Factors governing this inquiry include: (1) consequences of confusion or delay attending a prisoner's in forma pauperis status; (2) the statute of limitations; and (3) evasion of service. *Id*. As to the latter factor, Plaintiff never issued summons to Defendant Adams. Therefore, no evasion of service is at issue. And the record contains no facts suggesting the first factor is implicated.

That leaves for consideration the statute of limitations. Plaintiff filed this action in September 2011 alleging violations of his constitutional rights prior to that time.[3] The action has been pending well beyond the two-year limitations period governing his § 1983 claims. *See*

---

[2] Recent amendments to Rule 4(m), effective December 1, 2015 and not applicable to this action, now limit the time period to effect service to ninety days. *See* Fed. R. Civ. P. 4(m); 28 U.S.C. § 2074.

[3] As to the claims brought against Defendant Adams, Plaintiff alleges that the events giving rise to these claims occurred in June 2009. *See* Amended Complaint [Doc. No. 50] at ECF pp. 7-8.

2

*Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988) (statute of limitations for § 1983 claims arising in Oklahoma is two years). As addressed in a previous R&R, although Plaintiff's claims appear to be untimely, Plaintiff may be entitled to tolling of the limitations period, an issue the Court cannot definitively determine on the present record. *See* R&R [Doc. No. 320] at p. 5 n. 5.

Even if the statute of limitations may bar a subsequently filed action against Defendant Adams, that factor alone does not warrant a permissive extension. *See May v. Okla. Dep't of Corrs.*, No. 99–6267, 2000 WL 633244 (10th Cir. May 17, 2000) (unpublished op.) (*citing Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1439 (10th Cir. 1994)). Under the circumstances of this case, where the action has been pending since 2011, Plaintiff has never issued summons to Defendant Adams, and Plaintiff has wholly failed to respond to the Court's Order to Show Cause, a permissive extension of time is not warranted. The Court finds, therefore, that Plaintiff's claims against Defendant Adams should be dismissed without prejudice for failing to effect timely service under Fed. R. Civ. P. 4(m).

## **RECOMMENDATION**

It is recommended that Plaintiff's claims against Defendant Adams be dismissed without prejudice.

## **NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by August 3, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

All pending matters subject to referral before the undersigned have now been resolved and, therefore, this Report and Recommendation terminates the referral by the Chief District Judge.

ENTERED this 13th day of July, 2016.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE